| | | |
|---|---|---|
| LAUREN BERTRAM, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, CHRISTOPHER BERTRAM, JULIAN BERTRAM AND ALEXANDER BERTRAM | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-4749 G7 | : | PARISH OF CALCASIEU |
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, EMPIRE NATIONAL, INC., RIVERSIDE TRANSPORT, INC.AND JUSTIN ANTHONY CHONG | : | STATE OF LOUISIANA |
| FILED: OCT 0 7 2019 | : | _Kristen Lewis_ <br> DEPUTY CLERK OF COURT |

## PETITION FOR DAMAGES

The petition of LAUREN BERTRAM, a person of the full age of majority of Calcasieu

Parish, Louisiana, individually and on behalf of her Minor Child, CHRISTOPHER BERTRAM,

and JULIAN BERTRAM and ALEXANDER BERTRAM, persons of the full age of majority of

Calcasieu Parish, Louisiana, with respect represents that:

1.

Made defendants herein are:

A. **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,** a foreign insurance company not authorized to do business in Louisiana, which may be served at its principal place of business pursuant to Louisiana Long Arm Statute, P.O. Box 94739, Cleveland, OH 44101;

B. **EMPIRE NATIONAL, INC.,** a foreign company with its principal place of business in Henderson County, North Carolina, which may be served pursuant to Louisiana Long Arm Statute through Svitlana Samonik, 4600 Hendersonville Road, Suite D, Fletcher, NC 28732;

C. **RIVERSIDE TRANSPORT, INC.,** a foreign company with its principal place of business in Wyandotte County, Kansas, which may be served pursuant to Louisiana Long Arm Statute at 5400 Kansas Avenue, Kansas City, KS 66106-1143; and

D. **JUSTIN ANTHONY CHONG,** a person of the full age of majority and a resident of Henderson County, North Carolina, who may be served pursuant to Louisiana Long Arm Statute at 99 Ascension Drive, Apt. G112, Asheville, NC 28806.

2.

Defendants herein are justly and truly indebted unto petitioners, LAUREN BERTRAM,

individually and on behalf of her Minor Child, CHRISTOPHER BERTRAM, and JULIAN

BERTRAM and ALEXANDER BERTRAM, for such damages as will fully and fairly compensate

1

petitioners, which sums exceed $50,000.00, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

3.

On or about July 16, 2019, at approximately 6:30 p.m., Stephen Duane Bertram was the operator of a certain motor vehicle, namely a 2011 Chevrolet Traverse bearing Louisiana license plate number YBE715, which was lawfully and properly traveling in the right lane of Interstate Highway 10 westbound ("I-10 West") approximately four (4) miles west of Vinton in Calcasieu Parish, Louisiana.

4.

At the aforesaid time and place, defendants Empire National, Inc. and/or Justin Anthony Chong owned, managed, possessed, operated and/or controlled a certain motor vehicle, namely a 2013 Freightline Cascadia 125 tractor bearing North Carolina license plate number MX4349 and a 2017 Great Dane trailer containing approximately 16,245 pounds of improperly secured paper product, and bearing Oklahoma license plate number 3689LD which may have also been owned by defendant, Riverside Transport, Inc.

5.

At approximately 6:27 p.m., defendant Justin AnthonyChong, who was headed eastbound on Interstate 10 near mile marker 3.8, allegedly experienced a blow out on his front driver's side tire. He lost control of his truck and trailer and stayed in his lane of traffic for approximately 106 feet and 10 inches. Mr. Chong then crossed the solid yellow no passing line, crossed over the paved north shoulder of I-10 eastbound, and exited the roadway left into the grassy median north of I-10 Eastbound. He traveled in the grassy median for approximately 300 feet and 4 inches.

6.

Mr. Chong continued in a northeasterly direction onto the paved roadway of I-10 westbound into the westbound travel lanes and oncoming traffic.

7.

The Chong tractor trailer ultimately struck a 2009 Chevrolet Silverado driven by Zachary N. Flessner and subsequently a 2011 Chevrolet Traverse vehicle driven by Stephen Duane Bertram, both of which were traveling in the westbound lanes of I-10 with Bertram vehicle in the middle or number two travel lane.

8.

Despite Mr. Bertram performing evasive maneuvers, the tractor trailer collided with his vehicle in the north shoulder of I-10 westbound essentially head on at the front driver's side causing severe damage to the vehicle resulting in Mr. Bertam being fully ejected from the vehicle while still belted in the driver's side seat. He sustained catastrophic injuries that resulted in his death at the scene.

9.

Defendant JUSTIN ANTHONY CHONG was charged by the Louisiana State Police with careless operation of a motor vehicle (La. R.S. § 32:58).

10.

As a result of the aforesaid collision, Stephen Duane Betram suffered catastrophic injuries resulting in his death. The plaintiffs, his surving spouse and chidren, sustained damages that are more specifically set forth hereinafter.

11.

At all times mentioned herein and material hereto, defendant JUSTIN ANTHONY CHONG was driving/operating the aforesaid motor vehicle which was owned and maintained by defendant EMPIRE NATIONAL, INC. with said defendant's knowledge, permission and consent.

12.

Upon information and belief, at all times mentioned herein and material hereto, the 2013 Freightline Cascadia tractor bearing VIN #1FUJGLBG5DLFB3946 and North Carolina license plate number MX4349 and a 2017 Great Dane trailer bearing Oklahoma license plate number 3689LD had in effect an insurance policy issued by Progressive Southeastern Insurance Company.

13.

Defendant JUSTIN ANTHONY CHONG was careless and negligent in:

a.     Failing to observe safe driving precautions and procedures under all of the circumstances;

b.     Failure to maintain control of the tractor trailer;

c.     Operating said motor vehicle in a careless and negligent manner;

d.     Failing to exercise reasonable care under all the circumstances; and

e.   Acting negligent *per se* by violating state and federal statutes and regulations, including, but not limited to, La. R.S. § 32:58 (careless operation of a motor vehicle) which was the legal causes of the crash.

14.

Defendant EMPIRE NATIONAL, INC. was careless and negligent in:

a.   Failing to properly train Justin Anthony Chong on the manner in which he should have safely and properly maintained control of tractor trailer;

b.   Failing to have proper policies and procedures in place for training its drivers on how they should maintain control of their truck in the event of a tire failure or blow out;

c.   Failing to have policies and procedures in place to ensure that drivers-in-training could safely operate tractors;

d.   Failing to ensure that Mr. Chong observed safe driving precautions and procedures;.

e.   Permitting Mr.Chong to operate a motor vehicle despite violating state and federal statutes and regulations, including La. R.S. § 32:58 (careless operation of a motor vehicle), which were the legal causes of the crash.

15.

At all times material hereto, defendants EMPIRE NATIONAL, INC. and RIVERSIDE TRANSPORT, INC. knew or should have known that defendant JUSTIN ANTHONY CHONG was unable to safely and properly operate the vehicle in question.

16.

Defendants EMPIRE NATIONAL, INC. and RIVERSIDE TRANSPORT, INC. failed to make a proper inquiry into the background of defendant JUSTIN ANTHONY CHONG in order to properly determine if he was capable of safely driving the aforesaid tractor and trailer.

17.

Defendants EMPIRE NATIONAL, INC. and RIVERSIDE TRANSPORT, INC. failed to properly monitor and maintain the vehicle and trailer, so as to be in a position to prevent unsafe drivers, such as defendant JUSTIN ANTHONY CHONG, from operating defendants' vehicle and trailer.

18.

Defendants EMPIRE NATIONAL, INC. and RIVERSIDE TRANSPORT, INC. failed to ensure that the trailer was properly loaded, which it was not, and thus created an unsafe condition.

19.

Pursuant to 40 CFR § 390.5 of the Federal Motor Carrier Safety Adminstration (FMCSA), defendant EMPIRE NATIONAL, INC. was the employer of defendant Justin Anthony Chong and is vicariously liable for his acts and ommisons while in the course and scope of his employment under Louisana law pursuant to respondeat superior.

20.

By reason of the carelessness and negligence of defendants EMPIRE NATIONAL, INC., RIVERSIDE TRANSPORT, INC., and JUSTIN ANTHONY CHONG, plaintiffs sustained and make a claim for damages which include, but are not limited to, the following:

1) Loss of love, affection, and companionship;

2) Loss of support;

3) Loss of services;

4) Mental pain, suffering and distress;

5) Medical expenses;

6) Funeral expenses;

7) Property damage and

8) Any and all other damages to which they are entitled or may be entitled under Louisiana law.

21.

Plaintiffs further assert a survival claim for the suffering and damages sustained by Stephen Bertram from the time of injury to the moment of his death.

**WHEREFORE**, plaintiffs, LAUREN BERTRAM, Individually and on behalf of the Minor Child, CHRISTOPHER BERTRAM, and JULIAN BERTRAM and ALEXANDER BERTRAM, pray that:

I. Defendants be duly cited to appear and answer this petition and they be served with a copy of this petition;

II. There be judgment in favor of plaintiffs and against all defendants for such damages as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings and

III.    For all orders and decrees necessary in the premises; and for full, general and equitable relief.

BY THEIR ATTORNEYS:

**JERE JAY BICE** (Bar Roll No. 18793)
**J. ROCK PALERMO III** (Bar Roll No. 21793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**JULIA LOVE TAYLOR** (Bar Roll No. 36698)
**PEYTON F. PAWLICKI** (Bar Roll No. #37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601

**PLEASE SERVE:**

**PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY**
Pursuant to Louisiana Long Arm Statute
P.O. Box 94739
Cleveland, OH 44101

**EMPIRE NATIONAL, INC.**
Pursuant to Louisiana Long Arm Statute
Through Svitlana Samonik
4600 Hendersonville Road, Suite D
Fletcher, NC 28732

**RIVERSIDE TRANSPORT, INC.**
Pursuant to Louisiana Long Arm Statute
5400 Kansas Avenue
Kansas City, KS 66106-1143

**JUSTIN ANTHONY CHONG**
Pursuant to Louisiana Long Arm Statute
99 Ascension Drive, Apt. G112
Asheville, NC 28806

| | | |
|---|---|---|
| LAUREN BERTRAM, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, CHRISTOPHER BERTRAM, AND ON BEHALF OF JULIAN BERTRAM, AND ALEXANDER BERTRAM | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019 - 4749 G | : | PARISH OF CALCASIEU |
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, EMPIRE NATIONAL, INC., RIVERSIDE TRANSPORT, INC.AND JUSTIN ANTHONY CHONG | : | STATE OF LOUISIANA |
| FILED:   OCT 07 2019 | : | *Kristen Lewis* |
| | | DEPUTY CLERK OF COURT |

### PLAINTIFFS' FIRST SET OF DISCOVERY TO DEFENDANTS

TO:   **RIVERSIDE TRANSPORT, INC.**
      5400 Kansas Avenue
      Kansas City, KS 66106-1143

The plaintiffs, **LAUREN BERTRAM**, individually and on behalf of her Minor Child, **CHRISTOPHER BERTRAM**, and on behalf of **JULIAN BERTRAM**, and **ALEXANDER BERTRAM** (the "plaintiffs"), request that defendant **RIVERSIDE TRANSPORT, INC.**, answer under oath, in accordance with Louisiana Code of Civil Procedure, the following interrogatories, and that the answers be served within thirty (30) days from the date these interrogatories are and are to be continued in nature from the date of these responses until trial of this cause.

#### DEFINITIONS:

"**Identify**" means to indicate the name, address, telephone number(s), email address, position or job title and the name and the address of the employer for each individual whose identity is requested. If the legal person you are asked to "**Identify**" is a corporation, partnership, limited liability company, individual proprietorship, or some other business entity, please provide the full and correct name of said business entity, its address, telephone number and website address.

"**You**", "**Yours**", "**Defendant,**" or "**RIVERSIDE TRANSPORT, INC.**" means defendant **RIVERSIDE TRANSPORT, INC.** and any agent(s), household member(s), or employee(s) thereof.

"**Incident, "collision,"** or "**accident**" means the vehicle crash that occurred on July 16, 2019, in which Stephen Duane Bertram was fatally injured after being struck by Justin Anthony Chong.

"**Documents**" or "**file**" shall mean information, data and writings of every type and from any source, including originals and non-identical copies, in your possession, custody or control or known by you to exist. This would include Documents that were sent outside your organization to any source and Documents intended for internal use.

The term includes information, data and communications not only in words but in electronic format, digital format, symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes but is not limited to:  emails, photographs, videos, laser imaging, plans, diagrams, plats, blueprints, illustrations, calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal Documents, financial Documents, including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports or tests or experiments, public relations release, telegrams, teletypes, work papers, drafts number, and all other writings which contents relate to the subject matter of the discovery request.

The terms "regarding" and "relating to" shall be interpreted broadly, including explicit and implicit reference, and meaning, referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify by name, address, phone number, and employer each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers of these interrogatories.

**INTERROGATORY NO. 2:**

Identify the person(s) at RIVERSIDE TRANSPORT, INC. with the most knowledge about this lawsuit and the 2017 Great Dane trailer bearing Oklahoma license Plate Number 3689 LD. Please include this person(s) name, address, and telephone number.

**INTERROGATORY NO. 3:**

Please state the name, address, and telephone number of the person or entity who currently owns the 2017 Great Dane trailer bearing Oklahoma license plate number 3689 LD which was involved in the accident made the basis of this suit.

**INTERROGATORY NO. 4:**

Please state: a) the date RIVERSIDE TRANSPORT, INC. or any subsidiary or associated entity purchased the trailer which was involved in the accident made the basis of this suit, and b) the name and address of the seller from whom it was purchased.

**INTERROGATORY NO. 5:**

If you contend that RIVERSIDE TRANSPORT, INC. did not own the trailer on July 16, 2019, please state the date the trailer was sold, to whom it was sold, including the name, address, and telephone number of the person or entity who purchased the trailer, and the location of the sale.

**INTERROGATORY NO. 6:**

Please state whether the trailer which was involved in the accident made the basis of this suit was involved in any crash or sustained any damage as a result of any use while owned, operated, or used by RIVERSIDE TRANSPORT, INC.

**INTERROGATORY NO. 7:**

If so, please provide all information regarding the date of loss, cause of the damage, and describe the extent of damage sustained.

**INTERROGATORY NO. 8:**

Please provide the name, address, policy period(s) and the amount of insurance of any insurer providing coverage, including property damage, collision and liability to the 2017 Great Dane trailer bearing Oklahoma license plate number 3689 LD which was involved in the accident made the basis of this suit during all times it was owned, leased and/or operated by RIVERSIDE TRANSPORT, INC. or any subsidiary or associated entity.

**INTERROGATORY NO. 9:**

Please provide the name, address, and telephone number of any insurer, agent or adjuster who handled any claim as a result of any damage identified in Interrogatory No 6 above.

**INTERROGATORY NO. 10:**

Please describe any insurance agreement under which any insurance company may be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse payments made to satisfy any judgment, and give the name of the insurer and the amount of any liability insurance coverage.

**INTERROGATORY NO. 11:**

If coverage was in effect applicable to the subject trailer, please provide the name, address, and telephone number of the insurance company, the dates of coverage, the type of coverage on the trailer which was involved in the accident made the basis of this suit.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of any and all documents regarding RIVERSIDE TRANSPORT, INC.'s purchase, ownership, registration and licensing of the trailer which was involved in the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all lease documents that pertain in any way to the trailer that was involved in the subject crash.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all documents related to any claims made for any damage sustained to the trailer while RIVERSIDE TRANSPORT, INC. owned or operated it or any subsidiary or associated entity, including crash reports, reports of damage, property damage estimates, photographs, claim documents, etc.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of any and all documents regarding RIVERSIDE TRANSPORT, INC.'s (or any subsidiary or associated entity) sale of the trailer which was involved in the accident made the basis of this suit, including any Bills of Sale or transfer of ownership documents, etc.

**REQUEST FOR PRODUCTION NO. 5:**

Produce a certified copy of all insurance agreements or policies under which any person or entity engaged in the business of insurance may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including any liability, excess, or umbrella policy covering RIVERSIDE TRANSPORT, INC. (or any subsidiary or associated entity) and/or the trailer involved in the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:**

Produce copies of all trailer inspection reports from July 16, 2014, through the present pertaining to the trailer involved in the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the invoices or receipts for any repairs to the trailer involved in the collision.

**REQUEST FOR PRODUCTION NO. 8:**

Produce a copy of any and all documents used or relied upon in answering plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a copy of any and all reports prepared by your expert witnesses, including each expert's curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce each and every document, exhibit, piece of evidence, etc. which you intend to offer into evidence at trial.

BY THEIR ATTORNEYS:

**JERE JAY BICE** (Bar Roll No. 18793)
**J. ROCK PALERMO III** (Bar Roll No. 21793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**JULIA LOVE TAYLOR** (Bar Roll No. 36698)
**PEYTON F. PAWLICKI** (Bar Roll No. #37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601

*Counsel for Plaintiffs*

LAUREN BERTRAM, INDIVIDUALLY    :    14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
AND ON BEHALF OF JULIAN
BERTRAM, AND ALEXANDER
BERTRAM

VS. NO. 2019 - 4749 G                :    PARISH OF CALCASIEU

PROGRESSIVE SOUTHEASTERN           :    STATE OF LOUISIANA
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC.AND JUSTIN
ANTHONY CHONG
                    OCT 0 7 2019
FILED:_____    :    _____
                                        *Kristen Lewis*
                                        DEPUTY CLERK OF COURT

**PLAINTIFFS' FIRST SET OF DISCOVERY TO DEFENDANTS**

TO:    **EMPIRE NATIONAL, INC.**
       Through Svitlana Samonik
       4600 Hendersonville Road, Suite D
       Fletcher, NC 28732

The plaintiffs, **LAUREN BERTRAM**, individually and on behalf of her Minor Child,

**CHRISTOPHER BERTRAM**, and on behalf of **JULIAN BERTRAM**, and **ALEXANDER**

**BERTRAM** (the "plaintiffs"), request that defendant **EMPIRE NATIONAL, INC.**, answer under

oath, in accordance with Louisiana Code of Civil Procedure, the following interrogatories, and that

the answers be served within thirty (30) days from the date these interrogatories and are to be

continued in nature from the date of these responses until trial of this cause.

**DEFINITIONS:**

"**Identify**" means to indicate the name, address, telephone number(s), email
address, position or job title and the name and the address of the employer for each
individual whose identity is requested.  If the legal person you are asked to
"**Identify**" is a corporation, partnership, limited liability company, individual
proprietorship, or some other business entity, please provide the full and correct
name of said business entity, its address, telephone number and website address.

"**You**", "**Yours**", "**Defendant**," or "**EMPIRE NATIONAL, INC.**" means
defendant **EMPIRE NATIONAL, INC.** and any agent(s), household member(s),
or employee(s) thereof.

"**Incident, "collision," or "accident"**" means the vehicle crash that occurred on July
16, 2019, in which Stephen Duane Bertram was fatally injured after being struck
by Justin Anthony Chong.

-1-

"**Documents**" or "**file**" shall mean information, data and writings of every type and from any source, including originals and non-identical copies, in your possession, custody or control or known by you to exist. This would include Documents that were sent outside your organization to any source and Documents intended for internal use.

The term includes information, data and communications not only in words but in electronic format, digital format, symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes but is not limited to: emails, photographs, videos, laser imaging, plans, diagrams, plats, blueprints, illustrations, calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal Documents, financial Documents, including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports or tests or experiments, public relations release, telegrams, teletypes, work papers, drafts number, and all other writings which contents relate to the subject matter of the discovery request.

The terms "regarding" and "relating to" shall be interpreted broadly, including explicit and implicit reference, and meaning, referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by name, address, phone number, and employer each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers of these interrogatories.

**INTERROGATORY NO. 2:**

Identify the person(s) at **EMPIRE NATIONAL, INC.** with the most knowledgeable about this suit. Please include this person(s) name, address, and telephone number.

**INTERROGATORY NO. 3:**

Please state the name, address, and telephone number of the person or entity who owns the truck and trailer involved in the accident made the basis of this suit.

**INTERROGATORY NO. 4:**

Describe the employment relationship between **EMPIRE NATIONAL, INC.** and JUSTIN ANTHONY CHONG.

**INTERROGATORY NO. 5:**

Describe in detail any conversations anyone from defendant had with any plaintiff from the date of the accident up to now.

**INTERROGATORY NO. 6:**

State specifically what you contend caused or contributed to this collision.

**INTERROGATORY NO. 7:**

Do you contend anything other than driver error caused this collision? If so, please state such causes.

**INTERROGATORY NO. 8:**

Was defendant's vehicle damaged in the accident? If so, describe the damage, state whether it has been repaired, who repaired it, and the cost of the repairs.

**INTERROGATORY NO. 9:**

Identify each party and non-party which you claim or will claim engaged in culpable misconduct (whether negligent, reckless, willful, wanton, and/or intentional).

**INTERROGATORY NO. 10:**

State the manner in which the persons referenced in the previous interrogatory was culpable and what specific damages are attributable to each such persons' misconduct.

**INTERROGATORY NO. 11:**

Please state the date that JUSTIN ANTHONY CHONG was hired by defendant.

**INTERROGATORY NO. 12:**

Please describe in detail any background investigations performed with regard to JUSTIN ANTHONY CHONG prior to his employment and the results of such investigation.

**INTERROGATORY NO. 13:**

Please state the frequency in which vehicle inspections were performed on the truck and trailer involved in the collision and state the date of the last inspection(s).

**INTERROGATORY NO. 14:**

Please list any vehicular accidents you are aware of in which JUSTIN ANTHONY CHONG had been involved prior to July 16, 2019, including the names, addresses, and telephone numbers of the other parties to the accidents, and whether any citations were issued to JUSTIN ANTHONY CHONG as a result.

**INTERROGATORY NO. 15:**

Please state the name, address, telephone number, and place of employment of the person or persons (and their employer(s)) from whom JUSTIN ANTHONY CHONG received his schedule, job assignments and pay for any work performed for defendant.

**INTERROGATORY NO. 16:**

Did defendant provide JUSTIN ANTHONY CHONG with a cell phone? If so, please state the cell phone number and service provider for that phone.

**INTERROGATORY NO. 17:**

Describe any training regarding driving assignments, driver safety, and general safety received by JUSTIN ANTHONY CHONG throughout his employment given by or offered via defendant.

**INTERROGATORY NO. 18:**

Please describe the minimum safety, experience, and qualification requirements for a driver for defendant.

**INTERROGATORY NO. 19:**

Did defendant require any drug/alcohol testing of JUSTIN ANTHONY CHONG following the accident made the basis of this suit? If so, state the date, location, and testing facility and the result of such testing.

**INTERROGATORY NO. 20:**

Please identify the manufacturer, installer, and person responsible for maintenance of the tires on the defendants' vehicle involved in this cash.

**INTERROGATORY NO. 21:**

Please state how the subject load and/or transport was obtained by defendant and provide the name, address and telephone number of all entities and person(s) involved including, but not limited to any broker, shipper, agent, etc.

**INTERROGATORY NO. 22:**

Please identify where the subject freight or cargo that was in the trailer at the time of this crash was loaded, who loaded it and how it was loaded including the name, address and telephone number of all entities and persons involved in the loading.

**INTERROGATORY NO. 23:**

Please state whether any tires were purchased and installed on the subject tractor on July 16, 2019 and for thirty (30) days prior. If so, provide the name, address and telephone number of where the tire(s) were purchased and installed, the manufacturer and model number of the tire(s), and the date of installation.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all photographs or videotapes that defendant has of the scene of the accident and the vehicles involved in the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all drawings, maps, sketches or diagrams of the scene of the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all statements made or given by any individual concerning the facts and circumstances relevant to the incident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents, including videotapes, tape recordings, writings, computer generated information, and computer stored information, that supports any matter offered as a defense, either to plaintiffs' claim for liability or damages in  suit.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all reports and documents, including investigations memoranda of any kind, taken or prepared by defendant regarding the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents which refer, relate, or pertain to any reports of the accident made the basis of this suit, including any prepared by any agent, employee or representative of defendant.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all notices of the incident made the basis of this suit which defendant received from any person.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the title to the truck owned or leased by defendant that was involved in the collision made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 9:**

Produce the title to the trailer which was owned or leased by defendant which was involved in the collision made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all lease documents that pertain in any way to the truck and trailer that were involved in the subject crash.

**REQUEST FOR PRODUCTION NO. 11:**

Produce the police report or other report of any governmental agency relating to the collision.

**REQUEST FOR PRODUCTION NO. 12:**

Produce a certified copy of all insurance agreements or policies under which any person or entity engaged in the business of insurance may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including any liability, excess, or umbrella policy covering this defendant and/or the vehicle and trailer involved in the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:**

Produce copies of all employment contracts between defendant and JUSTIN ANTHONY CHONG.

**REQUEST FOR PRODUCTION NO. 14:**

Produce copies of all vehicle and trailer inspection reports from July 16, 2014, through the present pertaining to the truck and trailer involved in the incident made the basis of this lawsuit, including, but not limited to, any and all maintenance records relating to the tires on defendant's truck involved in this collision.

**REQUEST FOR PRODUCTION NO. 15:**

From July 16, 2019, to one month prior, produce copies of all driver logs or any other similarly named log kept by JUSTIN ANTHONY CHONG in the course and scope of his employment with defendant.

**REQUEST FOR PRODUCTION NO. 16:**

From July 16, 2019, to one month prior, produce copies of all bills of lading, route plans, trip reports, trip summary sheets (referencing the shipper, date, time, order number, movement, trip segment, consignee, tractor, driver), dispatch records, trip envelopes regarding you or any of the defendants or defendants' employees involved in the crash.

**REQUEST FOR PRODUCTION NO. 17:**

Produce the invoices or receipts for repairs to defendant's vehicle involved in the collision, including, but not limited to, documents relating to the vehicle's tires.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of all driver training, driver safety, and employee manuals distributed to JUSTIN ANTHONY CHONG and other defendant drivers within the one (1) year prior to the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 19:**

Produce documents acquired as a result of any background investigation performed on JUSTIN ANTHONY CHONG prior to his employment with defendant.

**REQUEST FOR PRODUCTION NO. 20:**

Produce a copy of the driving record of JUSTIN ANTHONY CHONG.

**REQUEST FOR PRODUCTION NO. 21:**

Produce a copy of the entire employee file of JUSTIN ANTHONY CHONG.

**REQUEST FOR PRODUCTION NO. 22:**

Produce a copy of any and all drug/alcohol tests that have been performed with regard to JUSTIN ANTHONY CHONG in connection to his employment with defendant.

**REQUEST FOR PRODUCTION NO. 23:**

Produce a copy of any reprimand, punishment, suspension, etc. JUSTIN ANTHONY CHONG received as a result of the incident that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:**

Produce a copy of any investigation performed by defendant as a result of the incident that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 25:**

Produce a copy of any document reflecting prior wrecks, collisions, accidents, etc. JUSTIN ANTHONY CHONG was involved in during the course and scope of his employment with defendant.

**REQUEST FOR PRODUCTION NO. 26:**

Produce a copy of any and all documents reflecting information recorded from the event data recorder (EDR), airbag control module (ACM), electronic control module (ECM), Detroit Diesel Electronic Control Report (DDEC) or other similar "black box" device of the defendant's vehicle involved in this accident.

**REQUEST FOR PRODUCTION NO. 27:**

Produce a copy of any and all documents reflecting information recorded from the Qualcomm, Samsara or other similar GPS tracking device of the defendant's vehicle involved in this accident.

**REQUEST FOR PRODUCTION NO. 28:**

Produce a copy of any and all dash cam video obtained on July 16, 2019.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of any and all documents used or relied upon in answering plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 30:**

Produce a copy of any and all records and bills obtained by defendant regarding plaintiffs, either by virtue of an authorization furnished by plaintiffs, subpoena, and/or deposition on written questions.

**REQUEST FOR PRODUCTION NO. 31:**

Produce a copy of any and all witness statements.

**REQUEST FOR PRODUCTION NO. 32:**

Produce a copy of any and all investigation statements.

**REQUEST FOR PRODUCTION NO. 33:**

If you issued a cell phone to JUSTIN ANTHONY CHONG, produce a copy of the cellular phone *calling* and *texting* records for that phone for the 24-hour period on the day of the accident. Also, please sign and produce the attached authorization for release of cell phone records.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all videos or photographs you have of plaintiffs.

**REQUEST FOR PRODUCTION NO. 35:**

All emails, information about emails, text messages, letters, documents, and/or driver-connectivity electronic equivalent (including message, contents, header information and logs of email system usage) sent or received by you, the defendants, or the defendants' employees, from July 15, 2019, through July 17, 2019.

**REQUEST FOR PRODUCTION NO. 36:**

In accordance with the Federal Motor Carrier Safety Regulations §391.21, please produce JUSTIN ANTHONY CHONG's entire personnel file, including but not limited to his Application for employment.

**REQUEST FOR PRODUCTION NO. 37:**

In accordance with the Federal Motor Carrier Safety Regulations §391.11, 391.13 and 391.15, please produce JUSTIN ANTHONY CHONG's entire file pertaining to all his qualifications, responsibilities and disqualifications as a truck driver.

**REQUEST FOR PRODUCTION NO. 38:**

In accordance with the Federal Motor Carrier Safety Regulations §391.25, please produce JUSTIN ANTHONY CHONG's annual driver's certification for the years 2014-2019.

**REQUEST FOR PRODUCTION NO. 39:**

In accordance with the Federal Motor Carrier Safety Regulations §391.41, please produce JUSTIN ANTHONY CHONG's Physical Qualifications and Examinations from 2014-2019.

**REQUEST FOR PRODUCTION NO. 40:**

In accordance with the Federal Motor Carrier Safety Regulations §391.43, please produce JUSTIN ANTHONY CHONG's Medical Examination Report For Commercial Driver Fitness Determination from 2014-2019.

**REQUEST FOR PRODUCTION NO. 41:**

In accordance with the Federal Motor Carrier Safety Regulations §391.25(cX2), please produce JUSTIN ANTHONY CHONG's annual review of his driving record from 2014-2019.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce a list or certificate relating to JUSTIN ANTHONY CHONG's violations of motor vehicle laws and ordinances required by Federal Motor Carrier Safety Regulations §391.27 from 2014-2019.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce JUSTIN ANTHONY CHONG's Skill Performance Evaluation Certificate obtained from a Field Administrator, Division Administrator, or State Director issued in accordance with Federal Motor Carrier Safety Regulations §391.49, or a medical exemption document, issued by a Federal medical program.

**REQUEST FOR PRODUCTION NO. 44:**

If JUSTIN ANTHONY CHONG obtained a medical certification based on having obtained the medical variance from FMCSA, please produce the note relating to verification of medical examiner listing on the National Registry of Certified Medical Examiners Required by Federal Motor Carrier Safety Regulations §391.23(m).

**REQUEST FOR PRODUCTION NO. 45:**

In accordance with the Federal Motor Carrier Safety Regulations §391.31, please produce JUSTIN ANTHONY CHONG's Road Tests from 2014-2019.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce your completed U.S. Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA), form MCS-150 and Form OP-1 and reports and receipts from the Unified Registration System.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce an organization chart providing the names and job titles for your executive leadership, department heads, and all department personnel.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce a copy of any and all reports prepared by your expert witnesses, including each expert's curriculum vitae.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce each and every document, exhibit, piece of evidence, etc. which you intend to offer into evidence at trial.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce a copy of any and all documents related in any way to how the load and/or transport was obtained by defendant including the bill of lading and all documents between defendant and any broker, shipper, agent, etc.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce a copy of any and all documents related in any way to the loading of the freight or cargo that was in the trailer at the time of this crash.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce a copy of any and all documents regarding any tire(s) that were purchased and installed on the subject tractor on July 16, 2019 and for thirty (30) days prior.

BY THEIR ATTORNEYS:

**JERE JAY BICE** (Bar Roll No. 18793)
**J. ROCK PALERMO III** (Bar Roll No. 21793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**JULIA LOVE TAYLOR** (Bar Roll No. 36698)
**PEYTON F. PAWLICKI** (Bar Roll No. #37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601

*Counsel for Plaintiffs*

LAUREN BERTRAM, INDIVIDUALLY  :  14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
AND ON BEHALF OF JULIAN
BERTRAM, AND ALEXANDER
BERTRAM

VS. NO. 2019 - 4749  G     :  PARISH OF CALCASIEU

PROGRESSIVE SOUTHEASTERN    :  STATE OF LOUISIANA
INSURANCE COMPANY,
PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC.AND JUSTIN
ANTHONY CHONG

*Kristen Lewis*

FILED: **OCT 0 7 2019** _____  :  _____
                                       DEPUTY CLERK OF COURT

### PLAINTIFFS' FIRST SET OF DISCOVERY TO DEFENDANTS

TO:   **JUSTIN ANTHONY CHONG**
        Pursuant to Louisiana Long Arm Statute
        99 Ascension Drive, Apt. G112
        Asheville, NC 28806

      The plaintiffs, **LAUREN BERTRAM**, individually and on behalf of her Minor Child,

**CHRISTOPHER BERTRAM**, and on behalf of **JULIAN BERTRAM**, and **ALEXANDER**

**BERTRAM** (the "plaintiffs"), request that defendant **JUSTIN ANTHONY CHONG**, answer

under oath, in accordance with Louisiana Code of Civil Procedure, the following interrogatories,

and that the answers be served within thirty (30) days from the date these interrogatories and are

to be continued in nature from the date of these responses until trial of this cause.

      **DEFINITIONS:**

      "**Identify**" means to indicate the name, address, telephone number(s), email
address, position or job title and the name and the address of the employer for each
individual whose identity is requested. If the legal person you are asked to
"**Identify**" is a corporation, partnership, limited liability company, individual
proprietorship, or some other business entity, please provide the full and correct
name of said business entity, its address, telephone number and website address.

      "**You**", "**Yours**," or "**Defendant**," or means defendant **JUSTIN ANTHONY
CHONG** and any agent(s), household member(s), or employee(s) thereof.

      "**Incident, "collision,"** or "**accident**" means the vehicle crash that occurred on July
16, 2019, in which Stephen Duane Bertram was fatally injured after being struck
by Justin Anthony Chong.

      "**Documents**" or "**file**" shall mean information, data and writings of every type and
from any source, including originals and non-identical copies, in your possession,
custody or control or known by you to exist. This would include Documents that
were sent outside your organization to any source and Documents intended for
internal use.

The term includes information, data and communications not only in words but in electronic format, digital format, symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes but is not limited to: emails, photographs, videos, laser imaging, plans, diagrams, plats, blueprints, illustrations, calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal Documents, financial Documents, including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports or tests or experiments, public relations release, telegrams, teletypes, work papers, drafts number, and all other writings which contents relate to the subject matter of the discovery request.

The terms "regarding" and "relating to" shall be interpreted broadly, including explicit and implicit reference, and meaning, referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

### INTERROGATORIES

### INTERROGATORY NO. 1:

State your full name, age, birth date, and present residence.

### INTERROGATORY NO. 2:

State whether at the time of the Crash there was liability, umbrella, excess, and other insurance covering yourself and whether there were any of the same kinds of insurance covering the vehicle you were operating, and if so, state for each such insurance:

    a.  The name and address of each insurance company;
    b.  The policy number of each policy in effect at that time; and
    c.  The limits of the liability coverage for each such policy.

### INTERROGATORY NO. 3:

Describe the employment relationship between **EMPIRE NATIONAL, INC.** and yourself.

### INTERROGATORY NO. 4:

Describe in detail any conversations you have had with anyone at the scene of the incident.

### INTERROGATORY NO. 5:

Describe in detail any conversations you had with anyone from 12:00 AM to 12:00 PM on July 16, 2019, including the time of the conversation and the person's full name, address and telephone number.

### INTERROGATORY NO. 6:

State specifically in your own words how the incident happened.

**INTERROGATORY NO. 7:**

Do you contend anything other than driver error caused this collision? If so, please state such causes.

**INTERROGATORY NO. 8:**

Identify each party and non-party which you claim or will claim engaged in culpable misconduct (whether negligent, reckless, willful, wanton, and/or intentional).

**INTERROGATORY NO. 9:**

State the manner in which the persons referenced in the previous interrogatory was at fault and what specific damages are attributable to each such persons' misconduct.

**INTERROGATORY NO. 10:**

Please state the date that you were hired by **EMPIRE NATIONAL, INC.**, and the date of termination, if any.

**INTERROGATORY NO. 11:**

Please describe in detail any inspection you performed on the vehicle you were driving on July 16, 2019, before the collision.

**INTERROGATORY NO. 12:**

Please list any and all vehicular incidents in which you have been involved in in the past ten (10) years, including the names, addresses, and telephone numbers of the other parties to the incidents, the nature of the incidents, and whether any citations were issued as a result.

**INTERROGATORY NO. 13:**

Please state the name, address, telephone number, and place of employment of the person or persons from whom you received your schedule and assignments regarding jobs for EMPIRE NATIONAL, INC.

**INTERROGATORY NO. 14:**

Describe any training regarding driving assignments, driver safety, and general safety received by you throughout your employment with **EMPIRE NATIONAL, INC.**

**INTERROGATORY NO. 15:**

Please state all locations traveled by you while working for **EMPIRE NATIONAL, INC.** on July 16, 2019, and the reasons for travel to such locations. Please describe the nature of the work performed or intended to be performed at each location.

**INTERROGATORY NO. 16:**

Did **EMPIRE NATIONAL, INC.** require any drug/alcohol testing of you following the incident made the basis of this suit? If so, state the date, location, and testing facility and the result of such testing.

**INTERROGATORY NO. 17:**

List your employers for the last ten (10) years. Please include your position, length of employment, duties performed, and reason(s) for leaving.

**INTERROGATORY NO. 18:**

What was the resolution of the citation, if any, issued to you for the incident in question?

**INTERROGATORY NO. 19:**

Please provide your personal cell phone(s) numbers and the name of the service provider for such cell phone(s).

**INTERROGATORY NO. 20:**

Please identify the manufacturer, installer, and person responsible for maintenance of the tires on the defendants' vehicle involved in this crash.

**INTERROGATORY NO. 21:**

Identify any persons who were or might have been witnesses to the crash, any persons who have knowledge of about the condition of the mechanical or safety equipment on the truck you were driving at the time of the crash, and any persons who investigated the crash, who are or were known or reasonably identifiable to you, your agents, servants, or employees, or are or were known or reasonably identifiable to your attorneys or other representatives.

**INTERROGATORY NO. 22:**

Identify each and every liability witness you expect to testify on behalf of your case.

**INTERROGATORY NO. 23:**

Please state whether any tires were purchased and installed on the subject tractor on July 16, 2019, and for ninety (90) days prior. If so, provide the name, address and telephone number of where the tire(s) were purchased and installed, the manufacturer and model number of the tire(s), and the date of installation.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all photographs or videotapes that defendant has of the scene of the accident and the vehicles involved in the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all drawings, maps, sketches or diagrams of the scene of the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all statements made or given by any individual concerning the facts and circumstances relevant to the incident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents, including videotapes, tape recordings, writings, computer generated information, and computer stored information, that supports any matter offered as a defense, either to Plaintiffs' claim for liability or damages in suit.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all reports and documents, including investigations memoranda of any kind, taken or prepared by defendant regarding the accident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents which refer, relate, or pertain to any reports of the accident made the basis of this suit, including any prepared by any agent, employee or representative of defendant.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all notices of the incident made the basis of this suit which defendant received from any person.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all lease documents that pertain in any way to the vehicle and trailer that were involved in the subject crash.

**REQUEST FOR PRODUCTION NO. 9:**

Produce the police report or other report of any governmental agency relating to the collision.

**REQUEST FOR PRODUCTION NO. 10:**

Produce a certified copy of all insurance agreements or policies under which any person or entity engaged in the business of insurance may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including any liability, excess, or umbrella policy covering this defendant and/or the vehicle and trailer involved in the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

Produce copies of all employment contracts between you and **EMPIRE NATIONAL, INC.**

**REQUEST FOR PRODUCTION NO. 12:**

Produce copies of all your vehicle and trailer inspection reports and logs from April 1, 2019, through the present pertaining to the vehicle involved in the incident made the basis of this lawsuit, including, but not limited to, any and all maintenance records relating to the tires on defendant's vehicle involved in this collision.

**REQUEST FOR PRODUCTION NO. 13:**

From July 16, 2019, to one month prior, produce copies of all your driver logs or any other similarly named log.

**REQUEST FOR PRODUCTION NO. 14:**

Produce pay stubs and/or compensation records from Empire National, Inc. and given to you for the thirty (30) days prior to the date of the crash as well as the thirty (30) days following the collision.

**REQUEST FOR PRODUCTION NO. 15:**

From July 16, 2019, to one month prior, produce copies of all your bills of lading, route plans, trip reports, trip summary sheets (referencing the shipper, date, time, order number, movement, trip segment, consignee, tractor, driver), dispatch records, trip envelopes.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, including expense sheets and settlement sheets regardless of type (for example, Comdata or similar vendor reports), for trips driven by you in any commercial motor vehicle up to and through the date of the crash and the thirty (30) days prior to the crash.

**REQUEST FOR PRODUCTION NO. 17:**

Produce any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device, including the bills for the devices, all covering the period of time from seven days before, the day of, and the two days after the crash.

**REQUEST FOR PRODUCTION NO. 18:**

Produce the invoices or receipts for repairs to the vehicle involved in the collision, including, but not limited to, documents relating to the vehicle's tires.

**REQUEST FOR PRODUCTION NO. 19:**

Produce copies of all driver training, driver safety, and employee manuals distributed to you at any time by **EMPIRE NATIONAL, INC.**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all letters, reports, and written material from a government entity involving safety, and safety ratings applicable to you, including but not be limited to Department of Transportation Inspections, Pre-employment Screening Program (PSP), and the DAC Report. The request is limited to the three (3) year period prior to the crash and any subsequent document, report, letter, or other material (to include electronically transmitted information) that includes the date of the crash or that includes you.

**REQUEST FOR PRODUCTION NO. 21:**

Produce a copy of your driving record.

**REQUEST FOR PRODUCTION NO. 22:**

Produce a copy of any and all drug/alcohol tests that have been performed on you in connection with your employment at **EMPIRE NATIONAL, INC.**

**REQUEST FOR PRODUCTION NO. 23:**

Produce a copy of any reprimand, punishment, suspension, etc. you received as a result of the incident that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all reports, memos, notes, logs or other documents evidencing complaints about you or your driving at any time while operating a commercial motor vehicle with your CDL as a professional truck driver.

**REQUEST FOR PRODUCTION NO. 25:**

Produce a copy of any investigation performed by any entity or person as a result of the incident that forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 26:**

Produce a copy of any document reflecting prior wrecks, collisions, accidents, etc. you were involved in.

**REQUEST FOR PRODUCTION NO. 27:**

Produce copy of any and all documents reflecting information recorded from the event data recorder (EDR), airbag control module (ACM), electronic control module (ECM), Detroit Diesel Electronic Control Report (DDEC) or other similar "black box" device of the vehicle involved in this accident.

**REQUEST FOR PRODUCTION NO. 28:**

Produce a copy of any and all documents reflecting information recorded from the Qualcomm, Samsara or other similar GPS tracking device of the vehicle involved in this accident.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of any and all dash cam video obtained on July 16, 2019.

**REQUEST FOR PRODUCTION NO. 30:**

Produce a copy of any medical bills and records relating to the July 16, 2019, crash for injuries sustained by you or anyone else in the vehicle you were driving at the time of the crash.

**REQUEST FOR PRODUCTION NO. 31:**

Produce a copy of any and all witness statements.

**REQUEST FOR PRODUCTION NO. 32:**

Produce a copy of any and all investigation statements.

**REQUEST FOR PRODUCTION NO. 33:**

Produce a copy of the cellular phone *calling* and *texting* records for any phone used by you or anyone in the vehicle you were driving for the 24-hour period on the day of the accident. In the alternative, sign and produce the attached authorization for release of cell phone records.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all videos or photographs you have of plaintiff.

**REQUEST FOR PRODUCTION NO. 35:**

All emails, information about emails, text messages, letters, documents, and/or driver-connectivity electronic equivalent (including message, contents, header information and logs of email system usage) sent or received by you, the defendants, or the defendants' employees, from July 15, 2019, through July 17, 2019.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all computer, electronic, or e-mail messages created in the first forty-eight (48) hours immediately after the crash, by and between you and any other defendants and their agents, employers, or third parties relating to the facts, circumstances, or actual investigation of the crash as well as any computer messages which relate to the crash, whether generated or received.

**REQUEST FOR PRODUCTION NO. 37:**

In accordance with the Federal Motor Carrier Safety Regulations §391.21, please produce your entire personnel file, including but not limited to your Application for employment.

**REQUEST FOR PRODUCTION NO. 38:**

In accordance with the Federal Motor Carrier Safety Regulations §391.11, 391.13 and 391.15, please produce your entire file pertaining to all qualifications, responsibilities and disqualifications as a truck driver.

**REQUEST FOR PRODUCTION NO. 39:**

In accordance with the Federal Motor Carrier Safety Regulations §391.25, please produce your annual driver's certification for the years 2014-2019.

**REQUEST FOR PRODUCTION NO. 40:**

In accordance with the Federal Motor Carrier Safety Regulations §391.41, please produce your Physical Qualifications and Examinations from 2014-2019.

**REQUEST FOR PRODUCTION NO. 41:**

In accordance with the Federal Motor Carrier Safety Regulations §391.43, please produce your Medical Examination Report For Commercial Driver Fitness Determination from 2014-2019.

**REQUEST FOR PRODUCTION NO. 42:**

In accordance with the Federal Motor Carrier Safety Regulations §391.25(cX2), please produce the annual review of your driving record from 2014-2019.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce a list or certificate relating to your violations of motor vehicle laws and ordinances required by Federal Motor Carrier Safety Regulations §391.27 from 2014-2019.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce your Skill Performance Evaluation Certificate obtained from a Field Administrator, Division Administrator, or State Director issued in accordance with Federal Motor Carrier Safety Regulations §391.49, or a medical exemption document, issued by a Federal medical program.

**REQUEST FOR PRODUCTION NO. 45:**

If you obtained a medical certification based on having obtained the medical variance from FMCSA, please produce the note relating to verification of medical examiner listing on the National Registry of Certified Medical Examiners Required by Federal Motor Carrier Safety Regulations §391.23(m).

**REQUEST FOR PRODUCTION NO. 46:**

In accordance with the Federal Motor Carrier Safety Regulations §391.31, please produce your Road Tests from 2014-2019.

**REQUEST FOR PRODUCTION NO. 47:**

In accordance with the Federal Motor Carrier Safety Regulations §391.31, please produce your Road Tests from 2014-2019.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all documents required to be maintained by 49 CFR 395.8 and 49 CFR 395.11(c) (Driver's Duty Status Record).

**REQUEST FOR PRODUCTION NO. 49:**

Please produce any other items associated in any way with the crash, documents, database, or other piece of evidence concerning or reflecting upon you, your performance, the crash, the CMV.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce a copy of any and all reports prepared by your expert witnesses, including each expert's curriculum vitae.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce each and every document, exhibit, piece of evidence, etc. which you intend to offer into evidence at trial.

**REQUEST FOR PRODUCTION NO. 52:**

Produce a copy of any and all documents used or relied upon in answering plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce a copy of any and all documents regarding any tire(s) that were purchased and installed on the subject tractor on July 16, 2019 and for ninety (90) days prior.

BY THEIR ATTORNEYS:

**JERE JAY BICE** (Bar Roll No. 18793)
**J. ROCK PALERMO III** (Bar Roll No. 21793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**JULIA LOVE TAYLOR** (Bar Roll No. 36698)
**PEYTON F. PAWLICKI** (Bar Roll No. #37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601

*Counsel for Plaintiffs*



# Veron, Bice, Palermo & Wilson, LLC

ATTORNEYS AT LAW

J. MICHAEL VERON
JERE JAY BICE*
J. ROCK PALERMO III*
ALONZO P. WILSON
MICHAEL G. HODGKINS
TURNER D. BRUMBY
JULIA LOVE TAYLOR
PEYTON F. PAWLICKI

OF COUNSEL
JAMIE B. BICE

CERTIFIED MEDIATORS

721 KIRBY STREET (70601)
POST OFFICE BOX 2125
LAKE CHARLES, LA
70602.2125

TELEPHONE
(337) 310-1600
FACSIMILE
(337) 310-1601
TOLL FREE
(877) 300-8680

WEBSITE:
www.veronbice.com

EMAIL
info@veronbice.com

October 16, 2019

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NO. 7016 3560 0000 4833 7593**

Empire National, Inc.
4600 Hendersonville Road, Suite D
Fletcher, NC 28732

Re:   Lauren Bertram, Individually and on Behalf of
      Her Minor Child, Christopher Bertram, Julian
      Bertram, and Alexander Bertram
      Vs. No. 2019-4749 "G"
      Progressive Southeastern Insurance Company,
      Empire National, Inc., Riverside Transport, Inc., and
      Justin Anthony Chong

Ladies/Gentlemen:

Please find enclosed the citation and certified copy of plaintiffs' Petition for Damages and Plaintiffs' First Set of Discovery to Defendants which are being served on you pursuant to Louisiana Long Arm Statute.

Please note that you have thirty (30) days from the date of service within which to file an answer to the Petition for Damages and Discovery.

If you have any questions or wish to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

JERE JAY BICE

JJB:mmc
Enclosures

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Empire National, Inc.
4600 Hendersonville Rd
Fletcher, NC  28732

9590 9402 3579 7305 0070 59

2. Article Number *(Transfer from service label)*

7016 3560 0000 4833 7593

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

OCT 22 2019
USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Mail
☐ _____ Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



# Veron, Bice, Palermo & Wilson, LLC

ATTORNEYS AT LAW

J. MICHAEL VERON
JERE JAY BICE*
J. ROCK PALERMO III*
ALONZO P. WILSON
MICHAEL G. HODGKINS
TURNER D. BRUMBY
JULIA LOVE TAYLOR
PEYTON F. PAWLICKI

OF COUNSEL
JAMIE B. BICE

*CERTIFIED MEDIATORS

721 KIRBY STREET (70601)
POST OFFICE BOX 2125
LAKE CHARLES, LA
70602.2125

TELEPHONE
(337) 310-1600
FACSIMILE
(337) 310-1601
TOLL FREE
(877) 300-8680

WEBSITE:
www.veronbice.com

EMAIL:
info@veronbice.com

October 16, 2019

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NO. 7016 3560 0000 4833 7890**

Riverside Transport, Inc.
5400 Kansas Avenue
Kansas City, KS 66106-1143

Re:    Lauren Bertram, Individually and on Behalf of
       Her Minor Child, Christopher Bertram, Julian
       Bertram, and Alexander Bertram
       Vs. No. 2019-4749 "G"
       Progressive Southeastern Insurance Company,
       Empire National, Inc., Riverside Transport, Inc., and
       Justin Anthony Chong

Ladies/Gentlemen:

Please find enclosed the citation and certified copy of plaintiffs'
Petition for Damages and Plaintiffs' First Set of Discovery to
Defendants which are being served on you pursuant to Louisiana
Long Arm Statute.

Please note that you have thirty (30) days from the date of service
within which to file an answer to the Petition for Damages and
Discovery.

If you have any questions or wish to discuss this matter further, please
do not hesitate to contact me.

Very truly yours,

JERE JAY BICE

JJB:mmc
Enclosures

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Riverside Transport
9400 Kansas Avenue
Kansas City, KS 66106-1143

9590 9402 3579 7305 0070 42

2. Article Number (Transfer from service label)

7016 3560 0000 4833 7890

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

                                 10-21-19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



**JONES WALKER**

Ian A. Macdonald
D: 337-593-7617
F:  337-593-7748
imacdonald@joneswalker.com

October 18, 2019

Hon. H. Lynn Jones, II
Calcasieu Parish Clerk of Court
P. O. Box 1030
Lake Charles, LA 70602-1030

Re:    Lauren Bertram, et al vs.
       Progressive Southeastern Insurance Company, et al
       Docket No.: 2019-4749-G
       Our File No.:  174749-00

Dear Sir/Madam:

Enclosed are an original and one copy of Progressive Southeastern Insurance Company's Answer, Request for Notice of Trial Date and Jury Order in this matter.  Please present the original Jury Order to the appropriate judge for signature, file the originals in the record and return the copies to me stamped "filed" for my records.  Also enclosed is our firm's check in the amount of $250 to cover the cost of filing these documents.

Sincerely,

IAN A. MACDONALD

IAM\jbc
Enclosures
cc:    Jere Jay Bice

LAUREN BERTRAM, INDIVIDUALLY      14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VERSUS                          DOCKET NO.: 2019-4749-G

PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG            CALCASIEU PARISH, LOUISIANA

*****************************************************************

### ANSWER

Progressive Southeastern Insurance Company ("Progressive") responds to the Petition for Damages as follows:

1.

Without knowledge or information sufficient to form a belief as to the truth of the introductory paragraph.

2.

Paragraph 1 is denied for lack of sufficient information to justify a belief therein, except to admit Progressive's status as an insurance company.

3.

Paragraph 2 is denied.

4.

Paragraph 3 is denied for lack of sufficient information to justify a belief therein.

5.

Paragraphs 4, 5, 6 and 7 are denied for lack of sufficient information to justify a belief therein, except to admit a 2013 Freightline Cascadia bearing license plate number MX4349 and a 2017 Great Dane trailer bearing license plate number 3689LD did come into contact with a 2009 Chevrolet Silverado and a 2011 Chevrolet Traverse.

6.

Paragraphs 8, 9, 10 and 11 are denied for lack of sufficient information to justify a belief therein.

{L0546931.1}

7.

Paragraph 12 is denied, except to admit that if Progressive issued a policy of insurance it, being a written document and a binding contract, is the best evidence of its terms and conditions which are plead herein as if copied in their entirety.

8.

Paragraphs 13 (a)-(e) and 14 (a)-(e) are denied.

9.

Paragraphs 15, 16, 17 and 18 are denied for lack of sufficient information to justify a belief therein.

10.

Neither admit nor deny Paragraph 19 because it is a statement of law and not an averment of fact.  To the extent a response is required, the averments of fact are denied for lack of sufficient information to justify a belief therein.

11.

Paragraphs 20 (1)-(8) and 21 are denied for lack of sufficient information to justify a belief therein.

12.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

13.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' injuries, if any, were caused in whole or part by the fault of a third party, for whom defendants are not responsible.  Specifically, the 2013 Freightliner Cascadia 125 tractor experienced a blow out due to a defect in the road caused by a third party and/or defective manufacturer of a tire which was unknown and could not reasonably be known by defendants.

14.

**FOURTH AFFIRMATIVE DEFENSE**

Justin Anthony Chong was confronted with a sudden emergency.

15.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

{L0546931.1}

16.

Progressive requests a trial by jury.

WHEREFORE, Progressive Southeastern Insurance Company prays that the plaintiffs'
Petition for Damages be dismissed with prejudice at plaintiffs' cost, and for all such general and
equitable relief.

Respectfully submitted,

JONES WALKER LLP

BY: _____

IAN A. MACDONALD
Bar Roll No. 17664
600 Jefferson St., Suite 1600
Lafayette, LA 70501
(337) 593-7600

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all
counsel of record by depositing same in the United States Mail, postage prepaid and properly
addressed.

Lafayette, Louisiana, this _____ 18th day of October, 2019.

_____
IAN A. MACDONALD

LAUREN BERTRAM, INDIVIDUALLY          14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VERSUS                               DOCKET NO.: 2019-4749-G

PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG                        CALCASIEU PARISH, LOUISIANA

*********************************************************************

### REQUEST FOR NOTICE OF TRIAL DATE

TO THE CLERK OF COURT of the 14th Judicial District Court, Calcasieu Parish,

Louisiana:

Please take notice that Ian A. Macdonald, attorney for Defendant, Progressive

Southeastern Insurance Company, hereby requests written notice of the date of trial of the above

matter as well as notice of hearings (whether on merits or otherwise), orders, judgments and

interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any

member of Court, as provided in Louisiana Code of Civil Procedure Articles 1572, 1913 and

1914.

Respectfully submitted,

JONES WALKER LLP

BY: _____
    IAN A. MACDONALD
    Bar Roll No. 17664
    600 Jefferson St., Suite 1600
    Lafayette, LA 70501
    Telephone: (337) 593-7600
    Facsimile: (337) 593-7601

{L0546932.1}

LAUREN BERTRAM, INDIVIDUALLY            14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VERSUS                                  DOCKET NO.: 2019-4749-G

PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG                           CALCASIEU PARISH, LOUISIANA

*************************************************************************

## ORDER

The foregoing considered;

IT IS ORDERED that the above entitled and numbered suit be tried by a civil jury upon

Progressive Southeastern Insurance Company giving bond, with good and solvent surety,

conditioned as the law directs, in the amount of $_____, to cover the

additional costs of the jury trial.

THUS DONE AND SIGNED at _____, Louisiana this _____ day of

_____, 2019.


                                    _____
                                    DISTRICT JUDGE

Respectfully Submitted by:

JONES WALKER LLP


BY:_____
        IAN A. MACDONALD
        Bar Roll #17664
        600 Jefferson St., Suite 1600
        Lafayette, LA 70501
        Telephone: (337) 593-7600
        Facsimile: (337) 593-7601

LAUREN BERTRAM, INDIVIDUALLY : 14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VS. NO. 2019-4749 "G"                    :        PARISH OF CALCASIEU

PROGRESSIVE SOUTHEASTERN       :        STATE OF LOUISIANA
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC.AND JUSTIN
ANTHONY CHONG

FILED:_____  .  :      _____
                                                              DEPUTY CLERK OF COURT


STATE OF LOUISIANA                   :
                                                    :   **AFFIDAVIT OF SERVICE**
PARISH OF CALCASIEU               :


        BEFORE ME, the undersigned Notary Public, personally came and appeared MARY M.

CRUTHIRDS, who first being duly sworn, deposed, and said: That affiant mailed a true copy of

the Citation and Petition for Damages by certified mail, return receipt requested, to the defendant

Empire National, Inc.; that the same was delivered to the defendant on October 22, 2019, as more

fully appears from the attached post office return receipt for certified mail number 7016 3560 0000

4833 7593.


                                                    _____
                                                    **MARY M. CRUTHIRDS**


        SWORN TO AND SUBSCRIBED before me, Notary Public, at Lake Charles, Louisiana,

on this 30th day of October, 2019.


                                        _____
                                                    **NOTARY PUBLIC**

                                        Yvonne Hankins
                                        Notary Public
                                        State of L...
                                        Notar...
                                        My Commis...              Life

LAUREN BERTRAM, INDIVIDUALLY : 14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VS. NO. 2019-4749 "G"                   :        PARISH OF CALCASIEU

PROGRESSIVE SOUTHEASTERN      :        STATE OF LOUISIANA
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC.AND JUSTIN
ANTHONY CHONG

FILED:_____ :        _____

                                                          DEPUTY CLERK OF COURT


STATE OF LOUISIANA                      :

PARISH OF CALCASIEU                    :        **AFFIDAVIT OF SERVICE**

                                                          :

    BEFORE ME, the undersigned Notary Public, personally came and appeared MARY M.

CRUTHIRDS, who first being duly sworn, deposed, and said: That affiant mailed a true copy of

the Citation and Petition for Damages by certified mail, return receipt requested, to the defendant

Riverside Transport, Inc.; that the same was delivered to the defendant on October 21, 2019, as

more fully appears from the attached post office return receipt for certified mail number 7016 3560

0000 4833 7890.


                                 _____
                                 MARY M. CRUTHIRDS


    SWORN TO AND SUBSCRIBED before me, Notary Public, at Lake Charles, Louisiana,

on this 30th day of October, 2019.


                                 _____
                                 NOTARY PUBLIC

                                 Yvonne Hankins
                                 Notary Public
                                 State of Louisiana
                                 Notary ID# 6612
                                 My Commission is Issued for Life



Ian A. Macdonald
D: 337-593-7617
F: 337-593-7748
imacdonald@joneswalker.com

November 6, 2019

Hon. H. Lynn Jones, II
Calcasieu Parish Clerk of Court
P. O. Box 1030
Lake Charles, LA 70602-1030

     Re:    Lauren Bertram, et al vs.
             Progressive Southeastern Insurance Company, et al
             Docket No.: 2019-4749-G
             Our File No.:  174749-00

Dear Sir/Madam:

    Enclosed are an original and one copy of Empire National, Inc.'s Answer, Request for Notice of Trial Date and Jury Order in this matter.  Please present the original Jury Order to the appropriate judge for signature, file the originals in the record and return the copies to me stamped "filed" for my records. Also enclosed is our firm's check in the amount of $250 to cover the cost of filing these documents.

    Sincerely,

    IAN A. MACDONALD

IAM\jbc
Enclosures
cc:    Jere Jay Bice

{L0549364.1}

LAUREN BERTRAM, INDIVIDUALLY          14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VERSUS                                DOCKET NO.: 2019-4749-G

PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG                         CALCASIEU PARISH, LOUISIANA

*************************************************************************

## ANSWER

Empire National, Inc. ("Empire") responds to the Petition for Damages as follows:

1.

Without knowledge or information sufficient to form a belief as to the truth of the introductory paragraph.

2.

Paragraph 1 is denied for lack of sufficient information to justify a belief therein, except to admit Progressive's status as an insurance company.

3.

Paragraph 2 is denied.

4.

Paragraph 3 is denied for lack of sufficient information to justify a belief therein.

5.

Paragraphs 4, 5, 6 and 7 are denied for lack of sufficient information to justify a belief therein, except to admit a 2013 Freightline Cascadia bearing license plate number MX4349 and a 2017 Great Dane trailer bearing license plate number 3689LD did come into contact with a 2009 Chevrolet Silverado and a 2011 Chevrolet Traverse.

6.

Paragraphs 8, 9, 10 and 11 are denied for lack of sufficient information to justify a belief therein.

7.

Paragraph 12 is denied, except to admit that if Progressive issued a policy of insurance it, being a written document and a binding contract, is the best evidence of its terms and conditions which are plead herein as if copied in their entirety.

8.

Paragraphs 13 (a)-(e) and 14 (a)-(e) are denied.

9.

Paragraphs 15, 16, 17 and 18 are denied for lack of sufficient information to justify a belief therein.

10.

Neither admit nor deny Paragraph 19 because it is a statement of law and not an averment of fact.  To the extent a response is required, the averments of fact are denied for lack of sufficient information to justify a belief therein.

11.

Paragraphs 20 (1)-(8) and 21 are denied for lack of sufficient information to justify a belief therein.

12.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

13.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' injuries, if any, were caused in whole or part by the fault of a third party, for whom defendants are not responsible.  Specifically, the 2013 Freightliner Cascadia 125 tractor experienced a blow out due to a defect in the road caused by a third party and/or defective manufacturer of a tire which was unknown and could not reasonably be known by defendants.

14.

**FOURTH AFFIRMATIVE DEFENSE**

Justin Anthony Chong was confronted with a sudden emergency.

15.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

16.

Empire requests a trial by jury.

WHEREFORE, Empire National, Inc. prays that the plaintiffs' Petition for Damages be dismissed with prejudice at plaintiffs' cost, and for all such general and equitable relief.

Respectfully submitted,

JONES WALKER LLP



BY: _____
      IAN A. MACDONALD
      Bar Roll No. 17664
      600 Jefferson St., Suite 1600
      Lafayette, LA 70501
      (337) 593-7600

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this _____ 6th day of November, 2019.

_____
      IAN A. MACDONALD

LAUREN BERTRAM, INDIVIDUALLY
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

14TH JUDICIAL DISTRICT COURT

VERSUS

DOCKET NO.: 2019-4749-G

PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG

CALCASIEU PARISH, LOUISIANA

**************************************************************************

### REQUEST FOR NOTICE OF TRIAL DATE

TO THE CLERK OF COURT of the 14th Judicial District Court, Calcasieu Parish,

Louisiana:

Please take notice that Ian A. Macdonald, attorney for Defendant, Empire National, Inc.,

hereby requests written notice of the date of trial of the above matter as well as notice of hearings

(whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all

formal steps taken by the parties herein, the Judge or any member of Court, as provided in

Louisiana Code of Civil Procedure Articles 1572, 1913 and 1914.

Respectfully submitted,

JONES WALKER LLP

BY: _____
IAN A. MACDONALD
Bar Roll No. 17664
600 Jefferson St., Suite 1600
Lafayette, LA 70501
Telephone: (337) 593-7600
Facsimile: (337) 593-7601

{L0549361.1}

LAUREN BERTRAM, INDIVIDUALLY             14TH JUDICIAL DISTRICT COURT
AND ON BEHALF OF HER MINOR
CHILD, CHRISTOPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM

VERSUS                                    DOCKET NO.:  2019-4749-G

PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG                             CALCASIEU PARISH, LOUISIANA

*************************************************************************

### ORDER

The foregoing considered;

IT IS ORDERED that the above entitled and numbered suit be tried by a civil jury upon

Empire National, Inc. giving bond, with good and solvent surety, conditioned as the law directs,

in the amount of $_____, to cover the additional costs of the jury trial.

THUS DONE AND SIGNED at _____, Louisiana this _____ day of

_____, 2019.


_____
                                          DISTRICT JUDGE

Respectfully Submitted by:

JONES WALKER LLP


BY:_____
        IAN A. MACDONALD
        Bar Roll #17664
        600 Jefferson St., Suite 1600
        Lafayette, LA 70501
        Telephone: (337) 593-7600
        Facsimile: (337) 593-7601