## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

LAUREN BERTRAM, INDIVIDUALLY :    CIVIL ACTION NO. 2:19-CV-1478
AND ON BEHALF OF HER MINOR
CHILD, CHIROSTPHER BERTRAM,
JULIAN BERTRAM AND
ALEXANDER BERTRAM
    **Plaintiffs**

VS.                  :    **JUDGE CAIN**

PROGRESSIVE SOUTHEASTERN    :    **MAGISTRATE JUDGE KAY**
INSURANCE COMPANY, EMPIRE
NATIONAL, INC., RIVERSIDE
TRANSPORT, INC. AND JUSTIN
ANTHONY CHONG
    **Defendants**

## SECOND AMENDED AND RESTATED COMPLAINT

LAUREN BERTRAM, CHRISTOPHER BERTRAM, JULIAN BERTRAM AND ALEXANDER BERTRAM, Plaintiffs in this cause, file this Second Amended and Restated Complaint against PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, EMPIRE NATIONAL, INC., JUSTIN ANTHONY CHONG, CONVERMAT CORPORATION, BLUE GRACE GROUP, LLP, and MALLORY ALEXANDER INTERNATIONAL LOGISTICS, INC., [collectively "Defendants" unless otherwise specified] seeking damages arising out of personal injuries.

### A. PARTIES

1.    Plaintiffs, LAUREN BERTRAM, CHIROSTPHER BERTRAM, JULIAN BERTRAM AND ALEXANDER BERTRAM, are individuals that are citizens of the State of Louisiana.

2.      Defendant PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY (hereinafter referred to as "Progressive Southeastern") is a foreign insurance company not authorized to do business in Louisiana, which may be served through its attorney of record, Ian A. Macdonald, Jones Walker, LLP, 600 Jefferson Street, Suite 1600, Lafayette, LA 70501;

3.      Defendant EMPIRE NATIONAL, INC. (hereinafter referred to as "Empire National") is an interstate common carrier based in the State of North Carolina and is registered with the U.S. Department of Transportation as a motor carrier bearing number 966111.  It is a foreign company with its principal place of business in Henderson County, North Carolina, which may be served through its attorney of record, Ian A. Macdonald, Jones Walker, LLP, 600 Jefferson Street, Suite 1600, Lafayette, LA 70501;

4.      Defendant JUSTIN ANTHONY CHONG (hereinafter referred to as "Chong") is a person of the full age of majority and believed to be a resident of Orlando, Orange County, Florida, whose last known address is 1316 Pinar Drive, Orlando, FL 32825-7823.

5.      Defendant CONVERMAT CORPORATION (hereinafter referred to as "Convermat"), is a New York corporation with a principal place of business of 111 Great Neck Road, Great Neck, New York.  It is a citizen of the state of New York.

6.      Defendant BLUE GRACE GROUP, LLC (hereinafter referred to as "Blue Grace") is an interstate common carrier and broker based in the State of Florida. It is registered with the U.S. Department of Transportation as a motor carrier bearing number 662979. It is a foreign corporation with a principal place of business of 2846 S. Falkenburg Road, Riverview, FL 33578. It is a citizen of the state of Florida.

7.     Defendant MALLORY ALEXANDER INTERNATIONAL LOGISTICS, INC. (hereinafter referred to as "Mallory Alexander") is an interstate common carrier and broker based in the State of Tennessee. It is registered with the U.S. Department of Transportation as a motor carrier bearing number 840307 and a freight forwarder bearing number 011800. It is foreign corporation with a principal place of business of 4294 Swinnea Road, Memphis, TN. It is a citizen of the state of Tennessee.

## B. JURISDICTION

8.     The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and all Defendants are citizens of different U.S. states and thus complete diversity exists, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

9.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  A tractor trailer owned, operated, possessed, supervised, managed and/or controlled by Defendants Chong, Empire National, Blue Grace, Mallory Alexander, and Convermat, was involved in a motor vehicle crash with Stephen Duane Bertram that occurred on Interstate Highway 10 westbound ("I-10 West") approximately four (4) miles west of Vinton in Calcasieu Parish, Louisiana.

## D. OVERVIEW

10.     Upon information and belief, at all times pertinent to this action, Defendants Convermat, Blue Grace, and Mallory Alexander were involved in a joint venture and/or joint enterprise with Defendant Empire National.

11.     At all times material to the motor vehicle collision forming the basis of this action, Defendants, Convermat, Blue Grace, Mallory Alexander, and Empire National acted as either a motor contract carrier of property through the State of Louisiana or as a motor common carrier of property through the State of Louisiana pursuant to one or more permits to operate as a motor carrier issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

12.     Accordingly, Defendants Convermat, Blue Grace, Mallory Alexander, and Empire National were subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, Louisiana Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSR") as set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

### E. GENERAL FACTS

13.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint, as amended and supplemented, as if each were fully set forth in their entirety.

14.     Defendants herein are justly and truly indebted unto petitioners, LAUREN BERTRAM, CHRISTOPHER BERTRAM, and JULIAN BERTRAM and ALEXANDER BERTRAM, for such damages as will fully and fairly compensate petitioners, which sums exceed $75,000.00 together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

15.     On or about July 16, 2019, at approximately 6:30 p.m., Stephen Duane Bertram was the operator of a certain motor vehicle, namely a 2011 Chevrolet Traverse bearing Louisiana license

plate number YBE715, which was lawfully and properly traveling in the right lane of Interstate Highway 10 westbound ("I-10 West") approximately four (4) miles west of Vinton in Calcasieu Parish, Louisiana.

16.     At the aforesaid time and place, Defendants, Empire National, Chong, Blue Grace, Mallory Alexander and Convermat, owned, managed, possessed, supervised, operated and/or controlled a certain motor vehicle, namely a 2013 Freightline Cascadia 125 tractor, bearing North Carolina license plate number MX4349. The tractor was attached to and towing a 2017 Great Dane trailer bearing Oklahoma license plate number 3689LD which was loaded with approximately 16,245 pounds of improperly loaded jumbo paper rolls/product.

17.     At approximately 6:27 p.m., Defendant Chong, who was headed eastbound on Interstate 10 near mile marker 3.8, allegedly experienced a blow out on his front driver's side tire. He lost control of his truck and trailer and stayed in his lane of traffic for approximately 106 feet and 10 inches. Mr. Chong then crossed the solid yellow no passing line, crossed over the paved north shoulder of I-10 eastbound, and exited the roadway into the grassy median north of I-10 Eastbound. He traveled in the grassy median for approximately 300 feet and 4 inches.

18.     Mr. Chong continued in a northeasterly direction onto the paved roadway of I-10 westbound into the westbound travel lanes and oncoming traffic.

19.     The Chong tractor trailer ultimately struck a 2009 Chevrolet Silverado driven by Zachary N. Flessner and subsequently a 2011 Chevrolet Traverse vehicle driven by Stephen Duane Bertram, both of which were traveling in the westbound lanes of I-10 with the Bertram vehicle in the middle or number two travel lane.

20.     Despite Mr. Bertram performing evasive maneuvers, the tractor trailer collided with his vehicle in the north shoulder of I-10 westbound essentially head on at the front driver's side

causing severe damage to the vehicle resulting in Mr. Bertram being fully ejected from the vehicle while still belted in the driver's side seat. He sustained catastrophic injuries that resulted in his death at the scene.

21.     Defendant Chong was charged by the Louisiana State Police with careless operation of a motor vehicle (La. R.S. § 32:58).

22.     As a result of the aforesaid collision, Stephen Duane Bertram suffered catastrophic injuries resulting in his death. The Plaintiffs, his surviving spouse and children, sustained damages that are more specifically set forth hereinafter.

23.     At all times mentioned herein and material hereto, Defendant Chong was driving/operating the aforesaid motor vehicle which was owned, leased, maintained and/or controlled by Defendant Empire National with said Defendant's knowledge, permission and consent.

24.     Upon information and belief, at all times mentioned herein and material hereto, the 2013 Freightline Cascadia tractor bearing VIN #1FUJGLBG5DLFB3946 and North Carolina license plate number MX4349 and a 2017 Great Dane trailer bearing Oklahoma license plate number 3689LD had in effect an insurance policy issued by Progressive Southeastern.

25.     Based on information and belief, Defendant Convermat arranged for the transportation of a truck load of jumbo paper rolls from a Kimberly-Clarke De Mexico facility in the country of Mexico into the United States through Laredo, Texas and ultimately to the purchaser/ consignee, the Von Drehle Corporation, which was located in Newton, North Carolina. To transport this freight, Convermat negligently brokered, hired, assigned or sub-contracted the transportation of its freight to Blue Grace and/or Mallory Alexander and Empire National.

26.     Based on information and belief, Blue Grace and/or Mallory Alexander arranged for the transportation through Mexico and into the United States during which time it accepted tender of the load and bound itself to its transportation as a motor carrier.

27.     The load, as per the direction, control and supervision of Convermat, Blue Grace and/or Mallory Alexander, was unloaded in Laredo, Texas at the Mallory Alexander Pan American warehouse and was subsequently improperly loaded into a trailer owned, leased, operated and controlled by Defendant Empire National.

28.     Based on information and belief, Defendants Convermat, Blue Grace, and Mallory Alexander were involved with Defendant Empire National in a joint venture and/or joint enterprise to transport the load from Mexico into the United States across state lines into interstate commerce from Laredo, Texas to Newton, North Carolina.

29.     Based on information and belief, Defendants Convermat, Blue Grace and/or Mallory Alexander arranged all the details of the transportation process from the freight being picked up in Mexico, transported to Laredo, Texas and to its destination in Newton, North Carolina.

30.     Based on information and belief, Defendant Blue Grace and/or Mallory Alexander accepted and coordinated the release of the freight and its transport into and through the United States, and served as the central point of communication to the shipper, Convermat, for the transport of the freight.

31.     On July 16, 2019, in the course of transporting the freight for Defendants Convermat, Blue Grace, Mallory Alexander and/or Empire National, and the driver, Defendant Chong, who was headed east bound on I-10 in Calcasieu Parish, State of Louisiana near milepost 3.8, lost control of the truck and trailer he was driving and crossed over into the west bound lanes at a high rate of

speed colliding essentially head on with a vehicle driven by Stephen Duane Bertram causing him to sustain catastrophic injuries resulting in his death at the scene.

32.      At all times relevant hereto, the tractor trailer was owned, leased, assigned, maintained and/or operated by Defendant Empire National and was being  operated by Defendant Chong with the consent, direction, supervision and control of Convermat, Blue Grace, and/or Mallory Alexander for all their financial benefit.

33.      At all times relevant hereto, Defendant Chong was employed and/or contracted to perform services for and was operating the tractor trailer for  Defendants Empire National, Convermat, Blue Grace, and /or Mallory Alexander under their USDOT operating authority, or apparent operating  authority, and was subject to their supervision, control or right to control, such that Defendants Empire National, Convermat, Blue Grace, and /or Mallory Alexander  should  be considered his actual and statutory employer and  therefore vicariously liable for Chong's negligence and recklessness.

34.      At all relevant times hereto, Defendant Chong was the agent, bona fide agent, servant, workman, and/or employee of Defendants Empire National, Convermat, Blue Grace, and/or Mallory Alexander and was acting in the course and scope of his employment, under the direction, control, and authority these Defendants.

35.      At all relevant times hereto, Defendants Empire National, Convermat, Blue Grace, and/or Mallory Alexander acted as a single entity in a joint venture and operated and conducted business as a single entity for transporting goods in interstate commerce.

36.      Accordingly, Defendants Empire National, Progressive Southeastern, Chong, Convermat, Blue Grace, and/or Mallory Alexander are personally liable, jointly and severally, in solido, in partnership, joint venture, or sole proprietorship for the tractor-trailer crash that caused the death

of Stephen Duane Bertram and the damages to the Plaintiffs who are his surviving spouse and his children.

### **COUNT I – NEGLIGENCE OF JUSTIN ANTHONY CHONG:**

37.   Plaintiffs complain against Defendant JUSTIN ANTHONY CHONG and for a first claim for relief allege:

38.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint, as amended and supplemented, the same as fully set forth hereinafter.

39.   Defendant Chong was careless and negligent in:

   a.   Failure to observe safe driving precautions and procedures under all of the circumstances;

   b.   Failure to observe, follow and obey safe driving procedures, regulations and requirements of a commercial vehicle driver ;

   c.   Failure to maintain control of the tractor trailer;

   d.   Operating said motor vehicle in a careless and negligent manner;

   e.   Failure to exercise reasonable care under all the circumstances;

   f.   Acting negligent *per se* by violating state and federal statutes and regulations, including, but not limited to, La. R.S. § 32:58 (careless operation of a motor vehicle) which was the legal causes of the crash;

   g.   In failing to have the required knowledge and skills to operate a commercial motor vehicle including, but not limited to, 49 C.F.R.§383.10 and 49 C.F.R.§383.111 for the operation of a tractor trailer;

   h.   Failure to properly maintain the tractor and trailer he was operating at the time of the crash;

   i.   Failure to ensure that the trailer he was towing was properly loaded and the cargo secured; and

   j.   Being incompetent and unfit to operate a commercial motor vehicle.

## COUNT II – NEGLIGENCE OF EMPIRE NATIONAL, INC.

40.   Plaintiffs complain against Defendant EMPIRE NATIONAL, INC. and for a second claim

for relief allege:

41.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint, as amended

and supplemented, the same as fully set forth hereinafter.

42.   Defendant Empire National was careless and negligent in:

a.   Failure to properly train Defendant Chong on the manner in which he should
have safely and properly maintained control of tractor trailer;

b.   Failure to have proper policies and procedures in place for training its drivers
on how they should maintain control of their truck in the event of a tire failure or
blow out;

c.   Failure to have policies and procedures in place to ensure that its drivers could
safely operate tractors;

d.   Failure to ensure that Defendant Chong observed safe driving precautions and
procedures;

e.   Failure to ensure that the trailer Chong was towing was properly loaded and the
cargo was secured;

f.   Permitting Defendant Chong to operate a motor vehicle despite violating numerous
state and federal statutes and regulations, including La. R.S. § 32:58 (careless
operation of a motor vehicle), which were the legal causes of the crash;

g.   Hiring a driver who it knew or should have known was incompetent and unfit;

h.   Negligently hiring, supervising and retaining Defendant Chong to drive tractor-
trailers including the tractor and trailer involved in the subject crash;

i.   Knowing or should have known that Chong had an unsafe history of motor vehicle
violations/and criminal violations including, but not limited to:

1)   Possession of controlled dangerous substance and drug paraphernalia in
February of 2009;

2)   DUI, property damage and speeding violation June of 2018;

3)   Speeding violation in August of 2012;

4)   Expired tag in July 2010;

5)   Expired tag in June of 2011;

6)   Failure to display registration August 2012

7)   Speeding violation in April 2014;

8)   Improper equipment/speedometer in December 2014;

9)   Vehicle crash in August 2015;

10)   Speeding violation in August 2015;

11)   Speeding violation in November of 2015;

12)   Operating a commercial motor vehicle without a valid commercial driver's license in August of 2018;

13)   Illegally operating an overweight commercial motor vehicle in August 2018;

14)   Speeding violation in December of 2018;

15)   Illegally operating an overweight commercial motor vehicle in June of 2019;

16)   Operating a commercial motor vehicle without proof of periodic inspection (tractor annual inspection expired) in July of 2019;

17)   Operating a commercial motor vehicle with a flat tire and/or audible leak in July of 2019;

18)   Operating a commercial motor vehicle with improper securement of cargo and no securement devices used on jumbo paper rolls in July of 2019;

19)   Operating a commercial motor vehicle with inoperable right and left middle side marker lamps on a trailer in July of 2019;

20)   Operating a commercial motor vehicle with inoperable right and left rear tail lamps on a trailer in July of 2019;

21)   Operating a commercial motor vehicle with a trailer that had frame cracks in July of 2019;

22)   Operating a commercial motor vehicle with a clamp or roto brake out of adjustment in July of 2019;

23)   Operating a commercial motor vehicle with an airbrake adjustment system that failed to compensate for wear in July of 2019; and

24)   Operating a commercial motor vehicle with improper driver logs in July of 2019.

43.   At all times material hereto, Defendant Empire National knew or should have known that Defendant Chong was unable to safely and properly operate the vehicle in question.

44.   Defendant Empire National failed to make a proper inquiry into the background of Defendant Chong in order to properly determine if he was capable of safely driving the aforesaid tractor and trailer.

45.   Defendant Empire National failed to properly monitor and maintain the vehicle and trailer so as to be in a position to prevent unsafe drivers, such as Defendant Chong, from operating them in an unsafe condition.

46.   Defendant Empire National knew or should have known of the physical defects and regulatory violations and deficiencies of the vehicle and trailer present in July of 2019, including but not limited to:

a.   Operating a commercial motor vehicle without proof of periodic inspection (tractor annual inspection expired) in July of 2019;

b.   Operating a commercial motor vehicle with a flat tire and/or audible leak in July of 2019;

c.   Operating a commercial motor vehicle with improper securement of cargo-no securement devices used on jumbo paper rolls in July of 2019;

d.   Operating a commercial motor vehicle with inoperable right and left middle side marker lamps on a trailer in July of 2019;

e.   Operating a commercial motor vehicle with inoperable right and left rear tail lamps on a trailer in July of 2019:

f.   Operating a commercial motor vehicle with a trailer that had frame cracks in July of 2019;

g.   Operating a commercial motor vehicle with a clamp or roto brake out of adjustment in July of 2019;

h.   Operating a commercial motor vehicle with an airbrake adjustment system that failed to compensate for wear in July of 2019; and

i.   Operating a commercial motor vehicle with improper driver logs in July of 2019.

47.   Defendant Empire National failed to ensure that the trailer was properly loaded and secured which created an unsafe condition.

48.   Pursuant to 40 CFR § 390.5 of the Federal Motor Carrier Safety Administration (FMCSA), Defendant Empire National was the employer of Defendant Chong and is vicariously liable for his acts and omissions while in the course and scope of his employment under Louisiana law pursuant to *respondeat superior*.

## COUNT III – NEGLIGENCE OF BLUE GRACE GROUP LLC AND MALLORY ALEXANDER INTERNATIONAL LOGISTICS, INC.

49.   Plaintiffs complain against Defendants BLUE GRACE GROUP, LLC and MALLORY ALEXANDER INTERNATIONAL LOGISTICS, INC., and for a third claim for relief allege:

50.   Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint, as amended and supplemented, as if each were fully set forth in their entirety.

51.   Defendant Blue Grace and Mallory Alexander were also independently negligent in the following ways as it relates to Defendant Chong:

a.   Negligently hiring or contracting with Defendant Chong to drive the tractor-trailer at issue;

b.   Negligently training Defendant Chong in the inspection of the tractor-trailer;

13

c.      Negligently entrusting Defendant Chong to drive a tractor-trailer professionally;

d.      Negligently entrusting Defendant Chong to haul the subject load in a tractor-trailer;

e.      Negligently retaining Defendant Chong to drive the tractor-trailer at issue;

f.      Failure to conduct proper and required checks on the background of its employee, agent and/or contractor, Defendant Chong;

g.      Failure to determine if Defendant Chong was properly qualified to operate a commercial motor vehicle;

h.      Failure to supervise its employee, agent and/or contractor, Defendant Chong;

i.      Failure to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

j.      Failure to have or enforce an appropriate policy on properly and safely maintaining control of a commercial motor vehicle including when the blow out of a tractor tire occurred;

k.      Failure to properly maintain the tractor-trailer at issue in this case including operating the tractor with the left steering tire at zero pressure;

l.      Negligently routing this driver and/or negligently allowing this driver to operate a tractor-trailer on a roadway;

m.      Otherwise violating state laws and federal regulations governing trucking companies; and

n.      Otherwise failing to act as a reasonably prudent company under the circumstances.

52.    Defendants Blue Grace and Mallory Alexander had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

53.    Defendants Blue Grace and Mallory Alexander were also _independently_ negligent in the following ways as it relates to Defendant Empire National:

    a.    Negligently engaging in a joint venture or enterprise to haul freight in interstate commerce with a company that was incompetent and unfit to do so:

    b.    Failure to conduct proper and required checks on the safety and background of a company engaged in a joint venture or enterprise to haul freight in interstate commerce;

    c.    Negligently retaining Defendant Empire National to operate a tractor-trailer and to haul freight in interstate commerce;

    d.    Failure to properly supervise the transport of freight in interstate commerce;

    e.    Failure to determine whether Defendant Empire National had an adequate safety and training program;

    f.    Failure to determine whether Defendant Empire National had equipment that was properly maintained and fit to haul freight in interstate commerce;

    g.    Failure to exercise reasonable care in the selection and retention of Defendant Empire National;

    h.    Knowing or should have known of the incompetence of Defendant Empire National.

54.    Defendants Blue Grace and Mallory Alexander were also <u>independently</u> negligent in the following ways:

    a.    Failure to ensure that the freight was properly loaded and secured in a trailer in violation of the rules of the FMCSA;

    b.    Improper loading of jumbo paper rolls that were transported in a trailer with the eyes vertical with no securement devices; and

    c.    Failure to ensure that the freight was properly secured and could be safely transported in a commercial motor vehicle and trailer.

55.    Defendant Blue Grace and Mallory Alexander are liable for all damages allowed by law for the injuries, damages, and losses sustained by plaintiffs, LAUREN BERTRAM, CHRISTOPHER BERTRAM, JULIAN BERTRAM AND ALEXANDER BERTRAM.

## COUNT IV – NEGLIGENCE OF CONVERMAT CORPORATION

56.    Plaintiffs complain against Defendant CONVERMAT CORPORATION and for a fourth claim for relief allege:

57.    Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint, as amended and supplemented, as if each were fully set forth in their entirety.

58.    At all relevant times, Defendant Convermat had a duty to ensure, among other things, that Blue Grace, Mallory Alexander and Empire National had appropriate hiring practices that put qualified, competent drivers behind the wheel and to conduct proper and required checks on the safety and background of a company hired to haul its freight.

59.    Defendant Convermat had a duty to ensure, that the truck and trailer that hauled its freight were properly maintained and fit to transport jumbo paper rolls in interstate commerce;

60.    Defendant Convermat had a duty to ensure that the truck and trailer that hauled its freight were in compliance with all FMCSA rules as it relates to the operation of a commercial motor vehicle;

61.    Defendant Convermat had a duty to ensure, among other things, that its freight was properly loaded and secured so that it could be safely transported in interstate commerce.

62.    At all relevant times, Defendant Convermat had an obligation to ensure that Blue Grace, Mallory Alexander, Chong and Empire National would deliver its freight in a safe manner in compliance with all provisions of the FMCSA.

63.    Defendant Convermat took no steps to ensure or verify that Blue Grace, Mallory Alexander or Empire National fulfilled any of the duties and/or obligations set forth above.

64.     The negligence, carelessness, and/or recklessness of Defendant Convermat in the hiring, supervision and retention of Chong, Empire National, Blue Grace, and Mallory Alexander, as follows:

a.     Defendant Convermat was <u>independently</u> negligent in the following ways as it relates to Defendant Chong;

1)     Negligently hiring or contracting with Defendant Chong to drive the  tractor-trailer at issue;

2)     Negligently training Defendant Chong in the inspection of the tractor-trailer;

3)     Negligently entrusting Defendant Chong to drive a tractor-trailer professionally;

4)     Negligently entrusting Defendant Chong to haul the subject load in a tractor-trailer;

5)     Negligently retaining Defendant Chong to drive the tractor-trailer at issue;

6)     Failure to conduct proper and required checks on the background of its employee, agent and/or contractor, Defendant Chong;

7)     Failure to determine if Defendant Chong was properly qualified to operate a commercial motor vehicle;

8)     Failure to supervise its employee, agent and/or contractor, Defendant Chong;

9)     Failure to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

10)    Failure to have or enforce an appropriate policy on properly and safely maintaining control of a commercial motor vehicle including when the blow out of a tractor tire occurred;

11)    Failure to properly maintain the tractor-trailer at issue in this case;

12)    Negligently routing this driver and/or negligently allowing this driver to operate a  tractor-trailer on a roadway;

13) Otherwise violating state laws and federal regulations governing trucking companies; and

14) Otherwise failing to act as a reasonably prudent company under the circumstances.

b. Defendant Convermat was also <u>independently</u> negligent in the following ways as it relates to Defendant Empire National:

1) Negligently engaging in a joint venture or enterprise to haul freight in interstate commerce with a company that was incompetent and unfit to do so;

2) Failure to conduct proper and required checks on the safety and background of companies engaged in a joint venture or enterprise to haul its freight in interstate commerce;

3) Negligently retaining Defendant Empire National to operate a tractor-trailer and to haul its freight in interstate commerce;

4) Failure to properly supervise the transport of its freight in interstate commerce;

5) Failure to determine whether Defendant Empire National had an adequate safety and training program;

6) Failure to determine whether Defendant Empire National had equipment that was properly maintained and fit to haul freight in interstate commerce;

7) Failure to exercise reasonable care in the selection and retention of Defendant Empire National; and

8) Knowing or should have known of the incompetence of Defendant Empire National.

c. Defendant Convermat was also <u>independently</u> negligent in the following ways as it relates to Defendants Blue Grace and Mallory Alexander:

1) Negligently engaging in a joint venture or enterprise to haul its freight in interstate commerce with companies that were incompetent and unfit to do so;

18

2)   Negligently engaging in a joint venture or enterprise with companies that were incompetent and unfit to properly load and secure freight in a commercial motor vehicle and trailer that were engaged in interstate commerce;

3)   Failure to ensure that Blue Grace and Mallory Alexander had appropriate hiring, supervision and retention practices that put qualified, competent drivers behind the wheel and to conduct proper and required checks on the safety and background of a company hired to haul its freight.

4)   Failure to ensure that Blue Grace and Mallory Alexander would load, deliver and transport its freight in a safe manner in compliance with all provisions of the FMCSA.

5)   Failure to ensure that its freight was properly loaded and secured in a trailer in violation of FMCSA regulations; and

6)   Failure to ensure that its freight was properly secured and could be safely transported in a commercial motor vehicle.

## F.  DAMAGES

65.   By reason of the carelessness and negligence of Defendants Progressive, Empire National, Chong, Convermat, Blue Grace, and/or Mallory Alexander, Plaintiffs sustained and make a claim for damages which include, but are not limited to, the following:

a.   Loss of love, affection, and companionship;

b.   Loss of support;

c.   Loss of services;

d.   Mental pain, suffering and distress;

e.   Medical expenses;

f.   Funeral expenses;

g.   Property damage and

h.   Any and all other damages to which they are entitled or may be entitled under Louisiana law.

19

66.     Plaintiffs further assert a survival claim for the suffering and damages sustained by Stephen Bertram from the time of injury to the moment of his death.

**WHEREFORE**,  plaintiffs,  LAUREN  BERTRAM,  CHRISTOPHER  BERTRAM, JULIAN BERTRAM and ALEXANDER BERTRAM, pray that:

I.     Defendants be duly cited to appear and answer this petition and they be served with a copy of this Second Amended and Restated Complaint;

II.     There  be  judgment  in  favor  of  plaintiffs  and  against  all  Defendants  for  such damages as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings and

III.     For  all  orders  and  decrees  necessary  in  the  premises;  and  for  full,  general  and equitable relief.

BY THEIR ATTORNEYS:


 /s/  JERE JAY BICE
**JERE JAY BICE** (Bar Roll No. 18793)
**J. ROCK PALERMO III** (Bar Roll No. 21793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**PEYTON F. PAWLICKI** (Bar Roll No. #37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the above and foregoing on all counsel of record via the U.S. District Court CM/ECF filing system.

I HEREBY CERTIFY that I have this day served a copy of the above and foregoing on Justin Anthony Chong at his last known address:

1316 Pinar Drive
Orlando, FL 32825-7823

Lake Charles, Louisiana, this 20th day of November, 2020.


 /s/  JERE JAY BICE
**JERE JAY BICE**

21