UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| LAUREN BERTRAM, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, CHRISTOPHER BERTRAM, JULIAN BERTRAM AND ALEXANDER BERTRAM | CIVIL ACTION NO.: 2:19-CV-1478 |
| VERSUS | JUDGE CAIN |
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, EMPIRE NATIONAL, INC., RIVERSIDE TRANSPORT, INC. AND JUSTIN ANTHONY CHONG | MAGISTRATE JUDGE KAY |

******************************************************************************

**ANSWER TO SECOND AMENDED AND RESTATED COMPLAINT**

Progressive Southeastern Insurance Company ("Progressive") and Empire National, Inc. ("Empire") respond to the Second Amended and Restated Complaint as follows:

1.

The introductory paragraph requires no response. To the extent a response is required, the averments of fact are denied.

2.

Paragraph 1 is denied for lack of sufficient information to justify a belief therein

3.

Paragraphs 2 and 3 are admitted.

4.

Paragraphs 4, 5, 6 and 7 are denied for lack of sufficient information to justify a belief therein.

5.

Paragraph 8 is admitted.

6.

Neither admit nor deny Paragraph 9 because it is a statement of law and not an averment of fact. To the extent a response is required, the averments of fact are denied for lack of sufficient information to justify a belief therein, except to admit that the accident did occur on Hwy. 10 in Calcasieu Parish.

7.

Paragraphs 10, 11 and 12 are denied for lack of sufficient information to justify a belief therein.

8.

Paragraph 13 requires no response. To the extent a response is required, the averments of fact are denied.

9.

Paragraph 14 is denied.

10.

Paragraph 15 is denied for lack of sufficient information to justify a belief therein.

11.

Paragraph 16 is denied for lack of sufficient information to justify a belief therein, except to admit that the 2013 Freightline Cascadia 125 tractor bearing North Carolina license plate

MX4349 was attached to a 2017 Great Dane trailer bearing Oklahoma license plate number 3689LD and was loaded with paper products.

12.

Paragraphs 17, 18 and 19 are denied for lack of sufficient information to justify a belief therein except to admit that a truck experienced a blow out of the front driver's side tire causing the driver to lose control and strike a 2011 Chevrolet Traverse.

13.

Paragraph 20 is denied for lack of sufficient information to justify a belief therein, except to admit that Bertram was declared dead at the scene of the accident.

14.

Paragraphs 21 and 22 are denied for lack of sufficient information to justify a belief therein.

15.

Paragraph 23 is denied for lack of sufficient information to justify a belief therein, except to admit that Chong was driving a tractor trailer with Empire National's knowledge, permission and consent.

16.

Paragraph 24 is denied, except to admit that if Progressive issued a policy of insurance it, being a written document and a binding contract, is the best evidence of its terms and conditions which are plead herein as if copied in their entirety.

17.

Paragraphs 25, 26, 27, 28, 29 and 30 are denied for lack of sufficient information to justify a belief therein.

18.

Paragraph 31 is denied for lack of sufficient information to justify a belief therein, except to admit that Chong lost control of the truck and trailer due to the fault of his own and then he collided with a 2011 Chevrolet Traverse and that Stephen Bertram was declared dead at the scene of the accident.

19.

Paragraphs 32, 33, 34 and 35 are denied for lack of sufficient information to justify a belief therein.

20.

Paragraph 36 is denied.

21.

Paragraphs 37 and 38 require no response. To the extent a response is required, the averments of fact are denied.

22.

Paragraph 39 (a)-(j) is denied.

23.

Paragraphs 40 and 41 require no response. To the extent a response is required, the averments of fact are denied.

24.

Paragraph 42 (a)-(24), 43, 44, 45, 46 (a)-(i), 47 and 48 are denied.

25.

Paragraphs 49 and 50 require no response. To the extent a response is required, the averments of fact are denied.

26.

Paragraphs 51 (a)-(n), 52, 53 (a)-(h), 54 (a)-(c) and 55 are denied for lack of sufficient information to justify a belief therein.

27.

Paragraph 56 and 57 require no response. To the extent a response is required, the averments of fact are denied.

28.

Paragraph 58, 59, 60, 61, 62, 63, 64 (a) (1)-(14), 64 (b)(1)-(8), 64 (c) (1)-(6), 65 (a)-(h) and 66 are denied for lack of sufficient information to justify a belief therein.

29.

Progressive and Empire restate and reaver all of their previous answers and affirmative defenses as if set forth herein in their entirety.

WHEREFORE, Progressive Southeastern Insurance Company and Empire National, Inc. pray that the plaintiffs' Second Amended and Restated Complaint be dismissed with prejudice at plaintiffs' cost, and for all such general and equitable relief.

Respectfully submitted,

/s/ Ian A. Macdonald

IAN A. MACDONALD (#17664)
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone (337) 593-7600
Facsimile (337) 593-7601
Email: imacdonald@joneswalker.com

Attorneys for Progressive Southeastern Insurance Company and Empire National, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ian A. Macdonald