UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAUREN BERTRAM, ET AL** | : | **CIVIL ACTION NO. 19-01478** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE SOUTHEASTERN INSURANCE CO., ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING AND ORDER

Before the court is a Motion for Attorney Fees [doc. 25] and a Motion for Contempt and Discovery Sanctions [doc. 28] filed by plaintiff, Lauren Bertram, individually and on behalf of her minor children.[1] The motions are opposed by defendants Progressive Southeastern Insurance Company and Empire National, Inc. (hereinafter collectively referred to as "defendants"). Docs. 32, 42, 52. The motions have been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636.

For the following reasons the motions are **GRANTED**.

## I.
### BACKGROUND

On October 7, 2019, plaintiff, individually and on behalf of her three minor children, filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. alleging that, on July 16, 2019, her husband was killed in an automobile accident which occurred on Interstate 10. Doc. 1, att. 2, pp. 1-6. Her petition alleges that a tractor trailer driven by defendant Justin Anthony

---

[1] The Motion for Attorney Fees [doc.25] was originally filed as a Motion to Compel and Motion for Attorney Fees. On July 6, 2020 the court granted the motion to compel and deferred ruling on an award of attorney fees pending defendants' response to the order on the motion to compel. Doc. 27.

Chong, owned by defendant Empire National, Inc. ("Empire") and insured by defendant Progressive Southeastern Insurance Company ("Progressive"), crossed from the eastbound lane of Interstate 10 into the westbound lane of Interstate 10 and struck her husband's vehicle head on resulting in him being ejected from the vehicle and dying at the scene.[2]  *Id.*

Plaintiff served her first set of discovery including interrogatories and requests for production of documents on defendants with the petition.  Doc. 1, att. 2, pp. 7-19. Defendants Progressive and Empire filed answers to the lawsuit on October 18, 2019, and November 6, 2019, respectively.  Doc 1, att. 2 pp. 34-36, 42-44.  The lawsuit was removed to this court on November 14, 2019, on the basis of diversity jurisdiction.  Doc. 1.

On March 18, 2020, the undersigned held a status conference with counsel for plaintiff and counsel for defendants.  At the conference the parties selected a trial date and the court noted that the parties were free to engage in discovery.  Doc. 18.

On May 18, 2020, plaintiff filed a motion to compel and motion for attorney fees.  Doc. 25.  In her motion and supporting memorandum she alleged that defendants failed to respond to discovery, failed to provide dates for a 30(b)(6) deposition, and failed to provide initial disclosures as provided by Rule 26(a). Doc. 25, att. 1. p. 2.  Prior to filing the motion counsel for plaintiff either conferred or attempted to confer with opposing counsel on at least three occasions.  *Id.*  On one occasion plaintiff granted defendants a two-week extension to comply with the outstanding requests but, following the two-week period, defendants still failed to provide or produce any information whatsoever to the plaintiff.  *Id.*

---

[2] Plaintiff also named Riverside Transport, Inc. as a defendant in her petition but this defendant was voluntarily dismissed.  Doc. 12. Defendant Justin Anthony Chong was also voluntarily dismissed from the lawsuit [doc. 15] but plaintiff's Second Amended Complaint added him again as a defendant.  Doc. 44.

The court issued a Notice of Motion Setting on the motion to compel and motion for attorney fees which set a deadline of twenty-one days for defendants to file a response in opposition to the motion. Doc. 26. Defendants did not file any response and on July 6, 2020 the court issued an Order stating:

> No opposition to the motion having been submitted, it is
>
> ORDERED that on or before 7/24/2020, defendant Empire National, Inc., is to respond to the First Set of Discovery served with the original petition on 10/22/2019. By that same date Empire is to designate a corporate representative and date for a rule 30(b)(6) deposition of Empire.
>
> IT IS FURTHER ORDERED that defendants Progressive and Empire provide[] their initial disclosures mandated by FRCP 26 (a) to plaintiffs no later than 7/24/2020.
>
> Plaintiff has requested attorney fees be awarded. It appears that inaction of these defendants would support such an award but we defer ruling on that request until we are informed by plaintiff of the extent to which these defendants have appropriately responded to this order (or not).

Doc. 27.

Plaintiff filed a Motion for Contempt and Discovery Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure on August 5, 2020. Doc. 28. In this motion plaintiff maintains that defendants have taken no action to comply with the court's July 6, 2020, order and have not produced "a single document or responded to one interrogatory." Doc. 28, att. 2, p. 10. A Notice of Motion Setting was issued in reference to this motion giving defendants twenty-one days to file a response in opposition. Doc. 29. Defendants failed to file a timely response to the motion and, on September 22, 2020, the undersigned set the matter for a hearing in open court. Doc. 31. The matter was fixed for hearing on October 23, 2020. *Id.* Three days before the hearing, on October 20, 2020, defendants filed an opposition to the motion for contempt and sanctions. Doc. 32. In their opposition defendants submit that they have responded to plaintiff's discovery without

objection, have designated a corporate representative, and provided initial disclosures. *Id.*, p. 1. Defendants represent that the delay in responding to discovery was not a "disregard for this court's authority," but rather defendant Empire's "difficulty in gathering the requested information." *Id.* pp. 1-2.

At the hearing held on Thursday, October 23, 2020, defense counsel stated that he had only received responses from his client the week before and answered the discovery over the weekend. He emailed these discovery responses to counsel for plaintiff on Monday, October 19, 2020 and had the documents and attachments sent by Federal Express on Tuesday, October 19, 2020.[3] Counsel for plaintiff pointed out that he first received the disc with exhibits on the morning of the hearing.[4] After hearing argument the undersigned emphasized the seriousness of the violation particularly considering the nature of the case and the fact that a year had passed without any discovery forthcoming. The court stated that sanctions would be imposed and attorney fees awarded. See doc. 33. This opinion addresses those issues.

## II.
### LAW AND ANALYSIS

**A. Motion for Attorney Fees—Rule 37(a)**

Plaintiff's Motion for Attorney Fees is based on Federal Rule of Civil Procedure 37(a)(5)(A) which provides that, when a motion to compel discovery is granted, as in the case here, the court must require the party whose conduct necessitated the motion pay the movant's expenses and fees. The court should not award expenses and fees if the nondisclosure was

---

[3] Lake Charles, Louisiana, experienced two hurricanes during this period of time -- Hurricane Laura on August 27, 2020, and Hurricane Delta on October 9, 2020 – causing a great deal of property damage in the area and interruption of delivery services to the area.

[4] Considering that plaintiff's counsel had yet to review the answers and documents produced, the court ordered that he report back as to any deficiencies in the production. Plaintiff filed a response to the court's order and, while she claims that there are deficiencies in the production, she noted that she would pursue the responsiveness through depositions and from other sources, reserving her right to re-urge her motion to compel should it become necessary. Doc. 39.

"substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)(iii). Plaintiff claims that, as a prevailing party on the motion to compel, she is entitled to reasonable attorney's fees and expenses under Federal Rule of Civil Procedure 37(a). We agree. Defendants offered no opposition to the motion to compel and consequently we find no justifiable reason for nondisclosure and will grant expenses and attorney's fees incurred in connection with the filing and prosecution of the motion to compel.

### B. Motion for Contempt and Discovery Sanctions—Rule 37(b)

Federal Rule of Civil Procedure 37(b)(2)(A) provides sanctions that the court may issue for failure to comply with a discovery order. It provides in part,

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  In her motion plaintiff first asks the court to sanction the defendants by issuing a default judgment.  Alternatively, she moves the court to deem certain facts admitted, strike defendants' defenses, and/or find defendants in contempt of court.

Rule 37 (b)(2) allows the court to "impose 'just' sanctions on parties who disobey a discovery order." *F.D.I.C. v. Conner,* 20 F.3d 1376, 1380 (5th Cir.1994).  Rule 37 grants a court considerable, but not unlimited, discretion in fashioning appropriate penalties for those who disobey such an order. *Chilcutt v. United States,* 4 F.3d 1313, 1320 (5th Cir.1993).  The law favors resolution of legal claims on the merits; and, because terminating the litigation is a severe sanction, the Fifth Circuit has characterized termination as "draconian" or a "remedy of last resort." *Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 515 (5th Cir.1985).

Initially and in preparation for hearing we were indeed considering a recommendation of the sanction of default considering defendants' failure to: (1) provide initial disclosures as provided in Rule 26; (2) respond to interrogatories and request for production that were served with the original petition; (3) designate a corporate representative for a Rule 30(b)(6) deposition; (4) provide any opposition to the motion to compel; and (5) abide by this court's order mandating that they respond to discovery by a certain deadline.  It was not until three days before the hearing on the motion for contempt and sanctions that defendants filed an untimely opposition.  Before that point it appeared to us as though defendants simply decided not to participate in this lawsuit.

Nevertheless, since discovery has been provided, we find that a lesser sanction is in order.  But defendants are cautioned that any further actions that we perceive as an attempt to impede or hinder the discovery process and/or the expeditious movement of this case to trial will result in a more severe sanction.

Section (b)(2)(C) of Rule 37 provides that in addition to or instead of the sanctions listed in section (b)(2)(A),

> the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C).

In *Tollett v. City of Kemah,* 285 F.3d 357 (5th Cir.2002), the Fifth Circuit differentiated between Rule 37(a) and Rule 37(b) and discussed the method by which courts must determine the reasonableness of attorney's fees under either section.

> Under Rule 37, if a motion to compel is granted, the district court shall … require the party … whose conduct necessitated the motion … to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. Likewise, for failure to comply with a discovery order, the district court shall require the party failing to obey the order … to pay the reasonable expenses, including attorney's fees, *caused by the failure*.

*Id.* at 367-69 (emphasis in original) (quotations and citation omitted). The court noted that the lodestar method is used to calculate attorney's fees under either section of Rule 37. *Id.* at 367.

Finding that defendants gave no justifiable reason for their failure to abide by the court's order issued on July 6, 2020, we will grant expenses and attorney fees incurred in filing the motion for contempt and discovery sanctions.

### C. Calculating Attorney's Fees

Determining the amount of reasonable attorneys' fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995)(citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983)). "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.*(citing

*Blum v. Stenson*, 104 S.Ct. 1541, 1544 (1984).  "The product of this multiplication is the lodestar, which the district court them either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.*(citing *Brantley v. Surles*, 804 F.2d 321, 325 (5th Cir.1986).

In this case plaintiff seeks a total award of $13,685 which represents 39.10 hours of work performed by her attorney Jere Jay Bice in connection with both the motion to compel and the motion for contempt and discovery sanctions.  See doc. 49, att. 1.

Defendants do not contest the hourly fee but contend that the amount of time expended is excessive and that certain time entries should be disregarded.  See Doc. 52.  A review of the affidavit submitted by counsel for plaintiff shows that he spent 6.3 hours researching the motion to compel, drafting the motion to compel, and reviewing court notices regarding the motion setting and deadlines.  Doc. 41, att. 1, p. 2.  As for the motion for contempt and discovery sanctions, counsel submits a total of 11 hours for researching, drafting, and revising the motion and memorandum.  *Id.*, pp. 2-3.

A review of the record in this case reveals that counsel for plaintiff tried on several occasions, to no avail, to contact or work with counsel for defendant prior to filing the motion to compel.  He filed a motion along with a memorandum brief and attachments totaling 70 pages.  Doc. 25.  After the court granted the motion and issued its order and defendants still failed to respond to plaintiff's discovery, plaintiff filed a motion for contempt and discovery sanctions (26 pages) seeking, among other things, his attorney fees.  Doc. 28.  Based on the work performed in this case, the court finds that the number of hours expended preparing these two motions is reasonable.

Counsel for plaintiff requests and defendants do not dispute that he should be compensated for the time spent preparing for and travelling to the hearing on the motion for contempt and

sanctions. Doc. 49, att. 1, p. 3. Thus, we find that the eight hours spent in this regard is reasonable and should be awarded.

At the hearing on the motion the court requested that counsel for plaintiff review the discovery information that defendants provided in response to discovery and submit to the court a summary of what has not yet to be produced. In connection with this filing counsel for plaintiff lists a total of 10 hours for reviewing and summarizing the information provided, reviewing minutes from the proceeding, phone conversation with opposing counsel, and preparing a memorandum in response to the court's request. Doc. 49, att. 1, p. 3. Defendants oppose the time spent reviewing responses to discovery and contend that it was not expended in connection with the filing of the original motion. Doc. 52, p. 3. As noted above, the court instructed plaintiff to review the material provided and report back to the court. Contrary to defendants' assertion we find that these hours are attributable to the motion to compel, are reasonable, and attorney fees should be awarded.

Plaintiff's counsel itemizes 2.8 hours of time spent for reviewing defendants' opposition to the motion for contempt and discovery sanctions and for preparing a reply memorandum. Doc. 49, att. 1, p. 3. Again, we find this to be reasonable and will award fees for this time.

There is one entry in the affidavit for which we will not award fees. Plaintiff's counsel listed a conference with his client regarding the status of the case and motion to compel. *Id.* We do not find that the 1 hour entry is in any way related to the prosecution of the motion to compel and will deny attorney's fees for this entry.

Turning to hourly rates, plaintiff's attorney, who has practiced law in Lake Charles, Louisiana for over 30 years, seeks an award of $350 per hour. After reviewing recent decisions in this district and noting that the hourly fee is not challenged by defendants we find that the rate of

$350 is reasonable and appropriate.[5] For these reasons we find that an award of $13,335.00 (38.1 hours at $350/hour) should be awarded to as attorney fees.

### III.
#### CONCLUSION

For the reasons stated, the Motion for Attorney Fees [doc. 25] and the Motion for Contempt and Discovery Sanctions [doc. 28] are **GRANTED.** Defendants Empire National, Inc., and Progressive Southeastern Insurance Company are ordered to pay attorney's fees in the amount of Thirteen Thousand Three Hundred Thirty-Five Dollars ($13,335.00) to plaintiff within ninety (90) days of the signing of this order.

The effect of this order is suspended for a period of fourteen (14) days from the filing to allow the parties to appeal to the district court for review. Should either party seek review from the district court, then the effect of this order is suspended until final resolution by the district court.

THUS DONE AND SIGNED in Chambers this 8th day of February, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[5] Decisions in this district have awarded $295/hour for a senior partner at a law firm with 27 years-experience (*Ryan v. Calcasieu Parish Police Jury, et al*, No. 18-cv-1496 (W.D. La. Dec. 16, 2019)), $265/hour for an attorney with 27 years-experience, (*Trevillion v Union Pacific R.R.*, No. 18-cv-610 (W.D. La. Aug. 28, 2019)), and $275/hour for an attorney with 40 years-experience (*Bushnell v. Natali*, No. 17-01146, 2019 WL 3980698, at *2 (W.D. La. Aug. 21, 2019)).