UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LAUREN BERTRAM, INDIVIDUALLY          CASE NO.  2:19-CV-01478
AND ON BEHALF OF THE MINOR
CHILD, CB AND JULIAN BERTRAM
AND ALEXANDER BERTRAM

VERSUS                                JUDGE JAMES D. CAIN, JR.

PROGRESSIVE SOUTHEASTERN              MAGISTRATE JUDGE KAY
INSURANCE CO ET AL

## MEMORANDUM RULING

Before the Court is a "FRCP 12(B)(6) Motion to Dismiss" (Doc. 56) wherein

Mallory Alexander International Logistics, Inc. moves to dismiss Plaintiffs' claims for joint

venture and joint enterprise under Federal Rule of Civil Procedure 12(b)(6).

## ALLEGATIONS

In their Second Amended and Restated Complaint,[1] Plaintiffs, Lauren Bertram, C

B, Julian Bertram and Alexander Bertram, allege the following which is relevant to the

instant Motion to Dismiss:

On or about July 16, 2019, at approximately 6:30 p.m., Stephen Duane Bertram was

driving in the westbound lane of Interstate Highway 10. At that same time, Defendant

Justin Chong was operating a Freightline tractor towing a trailer and traveling east on

Interstate 10.[2] The tractor experienced a blow-out of the front driver's side tire causing

---

[1] Doc. 44.
[2] Id. ¶ ¶ 16 and 17.

Chong to lose control of the truck and trailer. The truck and trailer crossed the solid yellow line ultimately entering the westbound travel lanes and oncoming traffic striking a vehicle driven by Zachary N. Flessner and then Mr. Bertram's vehicle.[3] Mr. Bertam sustained fatal injuries that resulted in his demise at the scene.[4]

Defendant Mallory Alexander International Logistics, Inc. ("Mallory Alexander") is an interstate common carrier and broker.[5] Plaintiffs allege that Defendants Convermat Corporation ("Convermat"), Blue Grace Group, LLC ("Blue Grace") and Mallory Alexander were involved in a joint venture and/or joint enterprise with Defendant Empire National, Inc. ("Empire National") to deliver the paper products.[6]

Plaintiffs allege that Defendants Empire, Blue Grace, Mallory Alexander and Convermat owned, managed, possessed, supervised, operated and/or controlled the tractor; the trailer was loaded with improperly loaded jumbo paper rolls/product.[7] Specifically, Empire National owned, leased, maintained and/or controlled the tractor.[8] Convermat arranged to transport the paper product from Mexico, through Laredo, Texas with its final destination in North Carolina.[9] Convermat brokered, hired, assigned or sub-contracted the transportation of the freight to Blue Grace and/or Mallory Alexander and Empire National.[10] Convermat, Blue Grace and/or Mallory Alexander directed, controlled and supervised unloading the paper product in Laredo, Texas, at the Mallory Alexander Pan

---

[3] Id.
[4] Id. ¶ 20.
[5] Id. ¶ 7.
[6] Id. ¶ 10.
[7] Id. ¶ 16.
[8] Id ¶ 23.
[9] Id. ¶ 25.
[10] Id. ¶ 25.

American warehouse, and subsequently re-loading it onto a trailer owned, leased, operated and controlled by Defendant Empire National.[11]

Convermat, Blue Grace and/or Mallory Alexander arranged the details of the transportation of the freight from Mexico to North Carolina. [12] Blue Grace and/or Mallory Alexander coordinated the release and transport of the freight and served as the point of communication to the shipper, Convermat.[13]

Plaintiffs allege that Defendants Empire National, Convermat, Blue Grace, and/or Mallory Alexander acted as a single entity in a joint venture and operated and conducted business as a single entity for transporting goods in interstate commerce.[14]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party

---

[11] Id. ¶ 27.
[12] Id. ¶ 29.
[13] Id. ¶ 30.
[14] Id. ¶ 35.

to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

### LAW AND ANALYSIS

Defendant maintains that the Second Amended and Restated Complaint fails to allege critical facts necessary to find a joint venture and a joint enterprise.  Defendants argue that there is no allegation that all parties shared in the losses and profits, and no allegation that all parties consented to the formation of a partnership.  Defendants move to have Plaintiffs' claim of a joint venture and a joint enterprise dismissed for failure to state a claim.

*Joint venture*

"[J]oint []ventures arise only where the parties intended the relationship to exist. They are ultimately predicated upon contract either express or implied." *Baba Lodging, LLC v. Windham Worldwide Operations, Inc.,* 2011 WL 1598910, at *3 (W.D. La. Apr. 26,2011) citing *Pillsbury Mills, Inc. v. Chedardy,* 90 So.2d 797, 807 (La. 1956). A joint venture is "a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership."  *Baba Lodging,* 2011 WL 1598910, at *3 (W.D. La. Apr. 26, 2011) citing *Florida Universal Fin. Corp. v. Cox.* 493 So.2d 710, 713 (La.App. 2 Cir. 1986). There must be an equal right to direct and govern the movements and conduct of each other in respect to the undertaking, and each party must have some voice and right to be heard, in the control or management.  *Hawkins v.*

*Travelers Indemnity Co.,* 73 So.2d 348 (La.App. 2 Cir. 1954). In Louisiana, a joint venture requires the following elements:

(A) All parties must consent to formation of a partnership;

(B) There must be a sharing of losses of the venture as well as the profits; and

(C) Each party must have some proprietary interest in, and be allowed to exercise some right of control over, the business. *Arcement Boat Rentals, Inc. v. Good,* 820 So.2d 615, 618 (La.App. 4 Cir. 5/29/02) (citing *Marine Servs., Inc. v. A-1 Indus., Inc.* 355 So.2d 625, 628 (La.App. 4 Cir. 1978)).

Plaintiffs allege that the well-pled facts allow for a reasonable inference that Convermat, Mallory Alexander/Blue Grace and Empire National created a joint venture. Plaintiffs rely on the following facts: Convermat and Mallory Alexander/Blue Grace entered a contract of carriage for the transportation and shipment of paper rolls. Mallory Alexander/Blue Grace selected Empire National and Chong to transport that shipment of paper rolls. Plaintiffs remark and the Court agrees that these facts must be accepted as true for purposes of a 12(b)(6) motion.

Plaintiffs assert that Convermat, Blue Grace, Mallory Alexander and Empire/Chong all contributed in different capacities or performed distinct tasks related to the shipment of paper rolls. Plaintiffs further assert that the compensation received by Blue Grace/Mallory Alexander from Convermat and the compensation received by Empire National/Chong from Blue Grace/Mallory Alexander/Empire National was directly connected to completion and delivery of the shipment. Thus, Plaintiffs argue that the Court can infer that their relationship was that of a joint venture.

Plaintiffs rely on *Riddle v. Simmons,* 548 So.2d 113 (La.App. 2d Cir., 8/23/1989). In *Riddle,* investors in an oil and gas venture filed an intervention alleging the existence of a joint venture to purchase and develop property for the purpose of production. Defendant attacked the sufficiency of the pleading, specifically that a joint venture had to be in writing. The Court of Appeals concluded that a writing was not required.

Defendant Mallory Alexander is a broker for the transportation of goods in commerce. In other words, for a certain financial benefit, Mallory Alexander arranged for transportation of property. 49 C.F. R. § 371.2(a) and brokered a deal for Empire National to transport the paper rolls.  Convermat arranged for the transportation of the paper rolls from Mexico, through Laredo, Texas and ultimately Newton, North Carolina. Blue Grace and/or Mallory Alexander arranged the details of the transportation process which included the use of the Mallory Alexander Pan American warehouse in Laredo, Texas where the paper product was unloaded after transport from Mexico and loaded onto a trailer owned, leased and operated by Empire National.

What is fatal to Plaintiffs' claim of a joint venture is the absence of facts that these Defendants (1) formed an agreement (2) to share in profits and losses, and (3) had equal right to control. While Plaintiffs allege that the Defendants enjoyed a financial benefit, that does not equate to sharing in profits and losses. Indeed, every entity and/or person in every transaction to transport goods in commerce is motivated by receiving a financial benefit. This Court cannot make that giant leap and accept the conclusory allegation that Defendants' were involved in a joint venture.

*Joint enterprise*

Plaintiffs allege that Defendants participated in a "joint enterprise." Defendants remark that the theory of "joint enterprise" is not well established in Louisiana. Plaintiffs make no argument in their opposition concerning Defendants role in a "joint enterprise." For the reasons set for the hereinabove, the Court finds that Plaintiffs' allegations of a joint enterprise are likewise, conclusory and not sufficient to state a claim.

## CONCLUSION

The Court finds merit to Mallory Alexander's motion to dismiss Plaintiffs' claims of a joint venture and a joint enterprise and will dismiss these claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 8th day of March, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**