UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ZACHARY FLESSNER** | : | **CIVIL ACTION NO. 20-CV-874** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE SOUTHEASTERN INSURANCE CO., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Consolidate this proceeding with *Lauren Bertram v. Progressive Southeastern Insurance Co, et. al.*, bearing docket number 19-cv-1478 of this court. Doc. 7. The motion was filed by plaintiff here and is opposed by plaintiffs to the Bertram suit Doc. 20.[1]

For reasons set forth below, the court finds that this motion should be **GRANTED**.

### I.
### BACKGROUND

The first-filed suit, the Bertram matter, was removed to this court on December 16, 2019. The original petition, filed in state court by Lauren Bertram, on her own behalf and that of her minor child CB, as well as Julian Bertram and Alexander Bertram (hereafter collectively referred to as "the Bertrams") was one for damages suffered by the Bertrams as the result of a motor vehicle accident that occurred July 16, 2019, that caused the death of Stephen Duane Bertram. No. 19-cv-1478, doc. 1, att. 2.  Named as defendants in the Bertram suit were Progressive Southeastern

---

[1] Believing the motion to be unopposed, it was granted. Doc. 8. The order granting consolidation was vacated, however, upon motion of plaintiffs in the Bertram suit who had no opportunity to object. Docs. 10 (motion) and 12 (order).

-1-

Insurance Company ("Progressive"), Empire National, Inc. ("Empire"), Riverside Transport, Inc. ("Riverside"), and Justin Anthony Chong ("Chong"). [2] The suit alleges that defendant Chong was driving eastbound on Interstate 10 in Calcasieu Parish, Louisiana, in a vehicle owned by him or Riverside or Empire[3] when a blowout on Chong's vehicle caused him to lose control, crossing over the median and into the westbound lane of traffic. Chong collided first with a vehicle being driven by Zachary Flessner ("Flessner"), plaintiff in this suit, and then with the vehicle being driven by Stephen Bertram. Mr. Bertram died at the scene of the accident. The Bertrams subsequently amended their complaint to assert causes of action against three new defendants.[4] No. 19-cv-1478, Doc. 44.

On July 10, 2020, Flessner filed this suit for damages he claims resulted from the same accident. Named as defendants here are Progressive, Empire, and Chong. Doc. 1. Flessner now moves to consolidate this action with the Bertram matter. Doc. 7. He argues that his action involves common questions of fact arising from the same collision and that the weight of the saving time and effort versus any inconvenience, delay, or expense favors consolidation. Doc. 19, p. 2. The Bertrams argue consolidation would be inappropriate here as the damages in their case "will vary significantly from Mr. Flessner's personal injury action." Doc. 10, att. 1, p. 4.[5] "The Bertrams should be entitled to a jury who may devote their sole attention and focus to the Bertrams and their case." *Id.* Additionally the Bertrams note they have alleged causes of action against three

---

[2] Chong was dismissed from the action on March 22, 2021 for failure to effect service within 90 days. Doc. 22. Chong has not been dismissed from the Bertram action.
[3] Paragraph 4 of the original complaint claims and/or Riverside to be the owner of the vehicle driven by Chong and in paragraph. Doc. 1, att. 2, p. 2. Ownership of the truck has no bearing on this ruling.
[4] Bertram's Second Amended Complaint asserts causes of action against new defendants Mallory Alexander International Logistics Inc., Blue Grace Logistics, and Convermat Corporation, the shipper and brokers of the load that Chong was towing on the date of the crash. Doc. 10, att. 1, p.1. Bertram alleges these causes of action arise out of the defendants' negligent selection and hiring of Chong, Empire, and Blue Grace/Mallory Alexander. *Id.* at p. 2.
[5] Doc. 10 is actually the Motion to Vacate our original order to consolidate. *See* fn. 1. The Bertrams incorporate argument opposing consolidation found in the memorandum in support of that motion (memo found as att. 1 to doc. 10) as their official memorandum in reply to Flessner's motion to consolidate. *See* Doc. 20, p. 2.

defendants not named by Flessner which, according to the Bertrams, "will make the trial of this matter significantly longer and more complex . . . [causing] potential harm to the Bertrams due to jury confusion which may arise from these more complex causes of action." *Id.*

## II.
## LAW AND ANALYSIS

"[A] trial court's managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Rule 42 of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a). Consolidation may be ordered despite opposition of the parties. *In re Air Crash Disaster*, 549 F.2d at 1013 (citing *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 293, 12 S.Ct. 909, 36 L.Ed. 706, 709 (1892) and 5 Moore's Federal Practice P 42.02 at 42-7 n. 4 (1976)). "Rule 42(a) "is permissive and vests a purely discretionary power in the district court. 'An exercise of such power may be reviewed on appeal from a final judgment or order but will not be disturbed except for abuse of discretion.'" *In re Air Crash Disaster*, 549 F.2d at 1013 (quoting *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955)). In weighing consolidation, courts consider numerous factors, including:

> whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.

*Varnado v. Leblanc*, 2016 WL 320146, *2 (M.D. La. 2016), quoted as authority in *Moore v. LaSalle Corr. Inc.,* 2017 WL 1089195, at *2 (W.D. La. 2017).

We find that application of the foregoing factors supports a conclusion that consolidation would be in order. Both actions are pending in this court. Both complaints arise out of the same set of facts: injuries allegedly sustained when Chong crossed over the median of I-10 and collided with both parties. Plaintiffs in each action allege that Chong was negligent in the operation and use of a motor vehicle owned by Empire and insured by Progressive. The actions assert almost identical theories of liability. All parties to the second suit are involved in the first. Admittedly there are three additional Bertram defendants not named by Flessner but, to the extent the inclusion of those defendants might cause confusion, that would be the argument of Flessner to make and he obviously does not as it is he who seeks consolidation.

Judicial resources will certainly be conserved by consolidation since there will be but one trial rather than two. There will be no delay as currently there is no trial date for either. We have no indication that one case is particularly advanced over the other in terms of discovery (and we presume they are not as neither has yet had a scheduling conference); thus, consolidation will allow for concurrent discovery on the complex and common issues of liability. To the extent the discovery on the issue of damages for the Bertrams is distinct from that of Flessner, there is no inconvenience caused as neither need participate in the discovery pertaining to damages of the other. Additionally, we agree with Flessner's contention that trying the cases separately may risk prejudicing one party over the other as it relates to exhausting Progressive's policy limits before the other case can be tried.[6]  Doc. 19, p. 3.

---

[6] No party other than the Bertrams has filed formal support for or opposition to Flessner's request to consolidate. Empire and Progressive, however, make this same point in their opposition to the Bertrams' request for us to vacate our original order of consolidation. Doc. 14, p. 3.

Case 2:19-cv-01478-JDC-KK Document 120 Filed 10/07/21 Page 5 of 5 PageID #: 953

The gravamen of the Bertrams' objection is that their damages are much more significant than those suffered by Flessner. While this appears to be accurate, that fact does not weigh against the consolidation.

### III.
### CONCLUSION

For the reasons given the Motion to Consolidate [Doc. 7] is **GRANTED**. Accordingly, it is

**ORDERED** that this matter be consolidated with *Bertram, et al v. Progressive Southeastern Insurance Co, et. al.*, bearing docket number 19-cv-1478, with the latter being designated the lead case.

THUS DONE AND SIGNED in Chambers this 7th day of October, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE