UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAUREN BERTRAM, ET AL.** | **CIVIL ACTION NO. 2:19-cv-01478** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is Defendants Mallory Alexander International and First Mercury Insurance Company's Motion for Partial Summary Judgment on Exemplary and Punitive Damages (Doc. 200), whereby Defendants Mallory and First Mercury move to dismiss Plaintiffs' claims for exemplary and punitive damages, as set forth in paragraphs 38 through 46 of the Fourth Amended Complaint (Doc. 169). Plaintiffs have not filed a motion in opposition and the time to do so has passed. Therefore, the motion is regarded as unopposed.

### I.   FACTUAL STATEMENT

The lawsuit involves a vehicle accident that occurred on July 16, 2019. Defendant, Justin Chong was operating a Freightline tractor towing a trailer loaded with paper rolls. The tractor experienced a blow-out of the front driver's side tire causing Chong to lose control of the tractor, which crossed the solid yellow line and struck a vehicle driven by Stephen Bertram in the oncoming lane. Mr. Bertram did not survive the accident. Plaintiffs

allege that the unsecured paper rolls shifted during transport and caused or contributed to the tractor-trailer collision.

Plaintiffs named Mallory, a freight forwarder, as one of several Defendants. *Fourth Amended Complaint*, Doc. 169. Plaintiffs assert that Mallory was grossly negligent and pursuant to Louisiana Code Article 3546, seek exemplary and punitive damages from Mallory under Texas and Tennessee law. *Id.* at ¶ 38-46. First Mercury is named as a Defendant in its capacity as Mallory's excess liability insurer. *Id.* at ¶ 16. The First Mercury policy issued to Mallory excludes coverage for punitive or exemplary damages. *First Mercury Policy*, Doc. 200-4 at 17.

Mallory entered a settlement agreement with Plaintiffs. Doc. 160 (filed under seal). The agreement released Mallory from all claims not covered by a non-settling insurer. *Id.* at ¶ 11. The Court granted an unopposed Motion for Partial Dismissal, partially dismissing Mallory and retaining Mallory only as a nominal defendant "so that that Plaintiffs can identify and pursue claims against other parties and insurers, including First Mercury Insurance Company." Doc. 147; Doc. 150.

## II.     SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.   LAW AND ANALYSIS

The Fifth Circuit recognizes "Gasquet" as a term of art in Louisiana law which describes a type of release. *RSUI Indemnity Co. v. American States Insurance Co.*, 127 F. Supp. 3d 649, 657 (E.D. La. 2015), *aff'd*, 667 F. App'x 475 (5th Cir. 2016).

> [B]y executing a *Gasquet* release in a settlement agreement, a plaintiff (1) releases the primary insurer entirely, and (2) releases the insured from all claims which might be recovered from the insured directly, reserving claims

against the insured *only* to the extent that *collectible* coverage is afforded by an excess insurance policy. Procedurally, after a *Gasquet* release is executed the insured remains in the lawsuit as a "nominal" defendant while the plaintiff pursues recovery from the excess insurer.

*Id*.

The parties do not dispute that the settlement agreement entered between Mallory and the Plaintiffs was a *Gasquet* settlement agreement. Doc. 160 at ¶ 11 (filed under seal). In the *Gasquet* settlement, Mallory was released from all claims not covered by a non-settling insurer, including First Mercury Insurance Company. *Id.* at ¶ 9. Mallory has already been partially dismissed from this suit and remains only as a nominal defendant "so that that Plaintiffs can identify and pursue claims against other parties and insurers, including First Mercury Insurance Company." Doc. 150.

"Exclusions from coverage must be unambiguous, and an ambiguity in an insurance contract will be construed against the drafter." *Meredith v. Louisiana Fed'n of Tchrs.*, 209 F.3d 398, 407 (5th Cir. 2000). First Mercury is Mallory's relevant insurer. Under the First Mercury policy issued to Mallory:

> This insurance does not apply to any claim for punitive or exemplary damages, fines or penalties imposed by law, restitution, or any damages which are a multiple of, or in addition to, compensatory damages, including related interest or costs, whether or not such damages, related interest, or costs are characterized as punitive or exemplary damages (hereinafter refer to as punitive or exemplary damages). If a "suit" shall have been brought against the insured for a claim falling within the coverage provided under the Policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action, whoever, the company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

*First Mercury Policy*, Doc. 200-4 at 17.

Here, the policy language is clear that that the parties intended to exclude claims for punitive or exemplary damages from coverage. *Id.* Therefore, in accordance with the settlement agreement, Plaintiffs cannot recover punitive or exemplary damages from Mallory. Doc. 160 at ¶ 11 (filed under seal). Additionally, because First Mercury's policy specifically excludes coverage for punitive and exemplary damages, Plaintiffs cannot recover punitive or exemplary damages from First Mercury. Doc. 200-4 at 17.

## IV.    CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Defendants Mallory and First Mercury's Motion for Partial Summary Judgement on Exemplary and Punitive Damages (Doc. 200) is **GRANTED**, and Plaintiffs' claims for exemplary and punitive damages, as set forth in paragraphs 38 through 46 of the Fourth Amended Complaint (Doc. 169), are **DISMISSED, WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on 14th day of July, 2023.

*[Signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**