An UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAUREN BERTRAM, ET AL.** | **CIVIL ACTION NO. 2:19-cv-01478** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, ET AL.** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is Defendants Mallory Alexander International Logistics, LLC, and First Mercury Insurance Company's Motion for Partial Summary Judgment on Survival Damages (Doc. 201), whereby Mallory and First Mercury move this Court for an order dismissing Plaintiffs' claims for survival damages as set forth by Plaintiffs in paragraph 50 of the Fourth Amended Complaint (Doc. 169) pursuant to article 2315.1 of the Louisiana Civil Code. Plaintiffs filed an opposition asking the Court to partially grant and partially deny the motion. Doc 210. Plaintiffs argue there is sufficient evidence to establish pre-impact fear an element of a La. C.C. 2315.1 survival claim. *Id.* Defendants filed a reply in which they note that the jury should only be permitted to consider the limited question of whether decedent experienced mental pain and suffering due to pre-impact fear. Doc. 217.

**I.    FACTUAL STATEMENT**

The lawsuit involves a vehicle accident that occurred on July 16, 2019. Defendant, Justin Chong was operating a Freightline tractor towing a trailer loaded with paper rolls. The tractor experienced a blow-out of the front driver's side tire causing Chong to lose

control of the tractor, which crossed the solid yellow line and struck a vehicle driven by Stephen Bertram in the oncoming lane. Mr. Bertram did not survive the accident. Among other claims brought against Mallory and First Mercury among other defendants, Plaintiffs brought a survival action for the suffering and damages sustained by Stephen Bertram from the time of the injury and prior to death. Doc. 169 at ¶ 50.

Stephen Bertram was pronounced dead on the scene of the subject accident. *Defendants' Exhibit A – Acadian Ambulance Report*, Doc. 201-4. The responding EMT testified that Mr. Bertram "died pretty much immediately upon impact." *Defendants' Exhibit B – Lockwood Deposition,* Doc 201-5 at p., 10, l. 4-13. There is no affirmative evidence that Mr. Bertram suffered any conscious pain after the subject accident. *Statement of Uncontested Material Facts*, Doc. 201-1. Prior to impact, Plaintiffs offer the Affidavit of Dean Nance as evidence that the brake switch circuit was off and then was activated 1.0 second prior to crash. *Plaintiffs' Exhibit A – Affidavit of Dean Nance*, Doc. 210-1

## II.     SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.   LAW AND ANALYSIS

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state and, in most cases, federal procedural law. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Under Louisiana Civil Code article 2315.1, "[t]he survival action permits recovery only for damages actually suffered by the deceased from the time of injury to the moment of death, including pain and suffering, loss of earnings, and any other damages sustained before death." *Thompson v. Crawford*, 223

So. 3d 1163, 1171 (La. Ct. App. 1st Cir. 2017), *writ granted in part, judgment rev'd in part*, 229 So. 3d 451 (2017). If there "is no indication that a decedent consciously suffered, an award for pre-death pain and suffering should be denied." *Thompson*, 223 So. 3d at 1171 (citing *Sacco v. Allred*, 845 So.2d 528, 538 (La. Ct. App. 1st Cir. 2003)). However, "[s]urvival damages are properly awarded if there is even a scintilla of evidence of pain or suffering on the part of the decedent, and fright, fear, or mental anguish during an ordeal leading to the death is compensable." *Patrick v. Employers Mut. Cas. Co.,* 99–94, p. 17 (La. Ct. App. 3 Cir. 8/11/99), 745 So.2d 641, 652, *writ denied,* 99–2661 (La.11/24/99), 750 So.2d 987. Therefore, "[a] jury may award damages for pain and suffering in a survival action where there is the smallest amount of evidence of pain, however brief, on the part of the deceased, based on his actions or otherwise." *E.g., Thompson*, 229 So. 3d at 452. In *Reid v. State Through Dep't of Transp. & Dev.*, 637 So.2d 618, 619 (La. Ct. App. 2 Cir. 1994), *writ denied*, 94-1415 (La. 9/16/94), 642 So.2d 198.

Plaintiffs offer the Affidavit of Dean Nance as evidence that the brake switch circuit was off and then was activated 1.0 second prior to crash. *Plaintiffs' Exhibit A – Affidavit of Dean Nance*, Doc. 210-1. Plaintiffs argue the activation of the braking system is evidence of pre-impact fear, which is sufficient evidence to support a survival action.

Here, the Court finds the evidence of decedent's braking is a scintilla of evidence that the trier of fact could use to determine there was pre-impact fear of death. Therefore, Plaintiffs have submitted sufficient summary judgment evidence to create an issue of material fact for trial as to whether decedent experienced pre-impact fear. However,

because it is uncontested that decedent did not experience conscious pain and suffering post-impact, any post-impact survival claims will be dismissed.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Defendants Mallory and First Mercury's Motion for Partial Summary Judgment on Survival Damages (Doc. 201) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims for post-impact survival damages are **DISMISSED WITH PREJUDICE**. The only claims remaining under the La. C.C. 2315.1 survival action are the claims and damages related to pre-impact fear of death.

**THUS DONE AND SIGNED** in Chambers on this 20th day of July 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE