UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAUREN BERTRAM** | **CASE NO.  2:19-CV-01478 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE SOUTHEASTERN INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine (Doc. 219) filed by Plaintiffs Lauren Bertram, Christopher Bertram, Julian Bertram, and Alexander Bertram, wherein they move the Court to prohibit Defendants Mallory Alexander International Logistics, Inc. ("Mallory), First Mercury Insurance Company ("First Mercury"), Convermat Corp. ("Convermat"), and Northfield Insurance Company ("Northfield") from introducing evidence or making arguments regarding the allocation of fault to Blue Grace Logistics, LLC ("Blue Grace"). Defendants Mallory and First Mercury oppose the motion. Doc. 234. Plaintiffs have replied. Doc. 235.

### I. BACKGROUND

This lawsuit arises from a vehicle accident that occurred on July 16, 2019, on Interstate 10 westbound near Vinton, Louisiana.[1] Defendant Empire National, Inc.

---

[1] Doc. 1, p. 9.

("Empire National") employed Justin Chong to transport paper rolls from Laredo, Texas to Hickory, North Carolina.[2] In Laredo, the paper towels were loaded by Mallory, which was hired by Convermat, the shipper.[3] The paper towels were loaded in a Freightliner Cascadia 125 tractor towing a 2017 Great Dane trailer operated by Mr. Chong.[4]

While travelling eastbound on Interstate 10 approximately four miles east of Vinton, the tractor experienced a blow-out of the front driver's side tire.[5] Mr. Chong lost control of the tractor-trailer and travelled north of the Interstate 10 eastbound lanes through the grassy median into the Interstate 10 westbound lanes with oncoming traffic.[6] Mr. Chong's tractor-trailer collided with a 2011 Chevrolet Traverse operated by Stephen Bertram in the Interstate 10 westbound middle lane.[7] Mr. Bertram died at the scene.[8]

On October 7, 2019, Plaintiffs brought suit for damages against Progressive Southeastern Insurance Company, Empire National, Riverside Transport, Inc., and Mr. Chong in the 14th Judicial District Court, Parish of Calcasieu, Louisiana.[9] On November 14, 2019, the case was removed to this Court.[10] On January 17, 2020, Riverside Transport, Inc. was dismissed from the case.[11] On March 23, 2020, Plaintiffs added Defendants

---

[2] Id. at 6.
[3] Id. at 2–6.
[4] Id. at 8.
[5] Id. at 9.
[6] Id. at 9–10.
[7] Id. at 10.
[8] Id.
[9] Doc. 1-2.
[10] Doc. 1.
[11] Doc. 12.

Convermat Corporation, Blue Grace, and Mallory Alexander.[12] On January 12, 2023, Blue Grace was dismissed on summary judgment with prejudice.[13] On January 12, 2023, Defendants TT Club Mutual Insurance Limited, First Mercury, and Northfield were added.[14] On January 20, 2023, TT Club Mutual Insurance Ltd was dismissed.[15] On March 21, 2023, the Court dismissed Plaintiffs' negligent hiring claims against Convermat.[16] On April 14, 2023, Defendants Progressive Southeastern Insurance Company, Empire National, and Mr. Chong were dismissed from the case. On July 14, 2023, the Court dismissed Plaintiffs' claims against Mallory and First Mercury for exemplary and punitive damages.[17] On July 20, 2023, the Court granted partial summary judgment dismissing claims for post-impact survival damages.[18] Jury trial is set for September 18, 2023.

## II.   LAW & ANALYSIS

Plaintiffs argue that Louisiana law precludes admission of any evidence at trial to establish the fault of a party or non-party that was dismissed on summary judgment. Defendants Mallory and First Mercury argue that this case requires the jury to hear evidence to consider Blue Grace's negligence in allocating fault because First Mercury, which is Mallory's insurer, was not served with the Fourth Amended Complaint until

---

[12] Doc. 44.
[13] Doc. 171.
[14] Doc. 169.
[15] Doc. 175.
[16] Doc. 194.
[17] Doc. 216.
[18] Doc. 224.

January 19, 2023, seven days after Blue Grace was dismissed. Plaintiffs counter Mallory and First Mercury's argument, asserting the following: First Mercury's policy insuring Mallory provides the insurance carrier, First Mercury, the right to fully participate in the defense of the claims; the case that Defendants cite, *Rucker v. Temps Today, Inc.*, 38 So. 3d 1018 (La. Ct. App. 4th Cir. 2010), *writ denied*, 45 So. 3d 1054 (La. 2010), is distinguishable because summary judgment there was granted without prejudice to anyone who had not yet appeared; and Blue Grace's dismissal on an unopposed motion for summary judgment was supported by Fifth Circuit precedent in *Dragna v. KLLM Transp. Servs., L.L.C.*, 638 F. App'x 314 (5th Cir. 2016).

First, the Court's January 12, 2023 Judgment granting summary judgment in favor of Blue Grace was with prejudice and without qualification. Thus, *Rucker*, 38 So. 3d 1018, is distinguishable. Next, Louisiana law provides:

> When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or non-party shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or non-party. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party's fault be submitted to the jury or included on the jury verdict form.[19]

Consequently, any evidence or argument of Blue Grace's fault at trial is irrelevant to the resolution of the remaining claims. Additionally, Federal Rule of Evidence 402 provides

---

[19] La. Code Civ. Proc. art. 996(G) (2023).

that irrelevant evidence is always inadmissible. Accordingly, Plaintiffs' motion will be granted.

### III. CONCLUSION

For the aforementioned reasons,

**IT IS ORDERED** that the Plaintiffs' Motion in Limine (Doc. 219) be **GRANTED**, and Defendants are prohibited from introducing and arguing for allocation of fault to Blue Grace Logistics, LLC.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of August 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**